Hart, J.
 

 The question made in this case is whether the Probate Court had the jurisdiction and authority to seize in a summary maimer the securities in the possession of Grover C. Brown, and impound them pending the settlement of the account of the administrator of Henry Y. Butler, under the claim upon the part of the court that these securities belonged to the estate of Butler and should be turned over to the present administrator of that estate.
 

 The diligence of the court in conserving and protecting the assets of the estate in view of the reckless abandon with which the administrator and the attorney for the estate had approved the allowance and payment of large claims made against it by a brother of the administrator and by the attorney himself with
 
 *119
 
 out notice to other interested parties, is to be commended. However, the question here presented is: Hid the action of the court constitute due process of law?
 

 The contention of Brown is that since he was not a party to the proceedings upon the exceptions- to the account of the administrator, the Probate Court had no jurisdiction to impound the securities in his possession or to order their return to the present administrator. In answer, the appellants claim the court had such jurisdiction because Brown could be and was a party to the proceedings on the exceptions to the account, and even though he was not a party, the court had inherent authority to protect the estate against imminent loss by taking possession of the securities.
 

 The only proper party in the character of a defendant, to a proceeding on exceptions to the account of an administrator to surcharge such administrator, is the administrator himself. Possibly his surety might have a right to intervene as a defendant because he is an interested party to the same extent as the administrator. No statutory or other authority is given whereby parties with whom the administrator has had dealings in the administration of the estate could be made parties to such proceedings or whereby a judgment or decree could be entered against them. The correctness of the account of the administrator was the only issue before the court, and no judgment or finding could be entered against any other person in such proceeding.
 

 Brown was subpoenaed and called as a witness, was not formally made a party to the proceeding, no process was served upon him, no waiver of appearance as a party was executed by him, and he was given no notice by pleadings or otherwise that any claim or demand was being made against him before he was ordered to turn the securities over to the court. He was not even given an opportunity to defend his right
 
 *120
 
 to the securities in question. There is some claim made that attorneys representing Brown had made statements; in the course of the hearing that Brown was a party to the proceeding, but no mere statement of such a fact by counsel could make it so. It is to be noted, also, that the receipt signed and delivered by the court to Brown for the securities described him as a witness called in behalf of the administrator. That Brown was not a party is clear when the definition of a party is examined. A party is one who has a right to control the proceedings, to make a defense and to adduce and cross-examine witnesses.
 
 Green
 
 v.
 
 Bogue,
 
 158 U. S., 478, 39 L. Ed., 1061, 15 S. Ct., 975; 47 Corpus Juris, 16, Section 7;
 
 State
 
 v.
 
 Fair,
 
 35 Wash., 127, 76 P., 731, 102 Am. St. Rep., 897.
 

 Lastly, it is claimed that because Brown was counsel for the administrator the court had jurisdiction over him as an officer of the court and could summarily command him to surrender the securities, although he claimed title to them by purchase.
 

 To say the’ least, this is a dangerous doctrine and sharply challenges conformity with due process of law. This court has examined the authorities cited by the appellants as supporting the right of the court to seize the securities in question, but the cases for the most part show that direct action was instituted against the attorney by mandamus or other proceeding requiring the attorney defendant to show cause as to why an order should not be made against him to pay over money or to surrender property belonging to his client. Ample opportunity is thus given to the attorney to answer and make defense against the charge and complaint of his client. It is also significant that the authorities make the point that under such summary proceeding, the money or papers must be received in the capacity of attorney, otherwise the complaining party will be left to his ordinary remedy by appropriate civil action.
 

 
 *121
 
 On this subject, Weeks on Attorneys at Law, 205, Section 97, says:
 

 “If an attorney misconduct himself in his profession he is, in many cases, liable to an attachment. Attachments against them are also moved for in cases of unfair dealings toward their clients, as for delaying suits, putting the parties to unnecessary expense, demanding fees for business not performed, refusing to surrender papers or money recovered and received for clients. A rule to show cause or deliver up is generally first made. But the money or writings must be received in the capacity of attorney, otherwise the party will be left to his ordinary remedy by action.”
 

 There is no question but that a court may, in the exercise of its jurisdiction, compel an attorney appearing before it to pay over or account for moneys or to deliver papers which
 
 he has received in his official capacity
 
 and wrongfully withholds from his client. 4 Ohio Jurisprudence, 478, Section 85; 5 American Jurisprudence, 344, Section 143. The procedure is by petition or motion in a civil action in which he is given an opportunity to answer and defend (4 Ohio Jurisprudence, 479, Section 87; 5 American Jurisprudence, 346, Section 146) and if the attorney in good faith claims funds for services rendered the client, the client is not entitled to a summary order. 4 Ohio Jurisprudence, 477, Section 85.
 

 In discussing the right of a receiver to have summary action taken against persons holding property which the receiver claims belongs to the estate but which the person in possession claims as a matter of right, 23 Ruling Case Law, 60, Section 66, says in part:
 

 “ The general rule is well established that a receiver cannot ordinarily, through summary proceedings, take into custody property found in the possession of strangers to the record claiming adversely, and if he does so he will be liable individually therefor. The
 
 *122
 
 principles upon which the cases announcing this rule generally rest are that the receiver merely stands in the place of, and has no greater rights than, the party over whose property he has been appointed receiver; that everyone is entitled to his day in court; and that summary proceedings are not suitable to try conflicting claims to title.” See, also,
 
 State, ex rel. Parsons Mining Co.,
 
 v.
 
 McClure, Judge,
 
 17 N. M., 694, 133 P., 1063, 47 L. R. A. (N. S.), 744.
 

 Here Brown claimed to be the owner of the property taken by the court. Upon that question of right he was entitled to be heard, otherwise there is a denial of due process of law. Sections 10506-67 to 10506-77, General Code, both inclusive, provide a remedy to recover assets belonging to an estate which are concealed or held in possession by another, but since Brown claimed title to the securities as a matter of right, the jurisdiction of the Probate Court even to pursue this remedy, under the circumstances, is doubtful.
 
 Goodrich, Admr.,
 
 v.
 
 Anderson,
 
 136 Ohio St., 509.
 

 At the time the court made the order in question, there had been no finding that the administrator had wrongfully paid the claim of Brown. The securities had not come into Brown’s hands as attorney for the estate. He claimed them as a matter of right with legal title in himself through a sale, the proceedings and authority for which were a matter of record in the same Probate Court, which proceedings and record had not yet been attacked or set aside.
 

 It may yet be determined that Brown procured these securities wrongfully, but that determination must be made through due process of law which was not accorded by the action of the Probate Court. The law affords ample remedy to determine the conflicting rights of Brown and the Butler estate by the regular and ordinary processes of a civil action. Such action could have been taken and may now be taken to place these securities in proper
 
 custodia legis,
 
 pending the
 
 *123
 
 determination of title to and the rights of the parties in such securities.
 

 The findings and judgment of the Court of Appeals, as set out in the statement of facts herein, are affirmed, except that it is the judgment of this -court that the Probate Court had no right or authority under the state of the record to impound or to hold the securities or the proceeds of the sale of the securities in question.
 

 Judgment affirmed.
 

 Zimmerman, Williams and Matthias, JJ., concur.
 

 Weygandt, C. J., and Day, J., dissent.