BARKSDALE, Appellant,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.

[Cite as *Barksdale v. Ohio Dept. of Adm. Serv.* (1992), 78 Ohio App.3d 325.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–833.

Decided Feb. 18, 1992.

*Bidwell & Beachler Co., L.P.A.,* and *Jinx Statler Beachler,* for appellant.

*Lee Fisher,* Attorney General, and *Jack W. Decker,* Assistant Attorney General, for appellee.

---

PETREE, Judge.

This appeal is taken from a judgment of the Franklin County Court of Common Pleas dismissing plaintiff's application to vacate an arbitration award. In dismissing the application, the court ruled that plaintiff lacked standing under R.C. 2711.10 to challenge the award. The single issue on appeal is whether an employee has standing to challenge an unfavorable arbitration award rendered pursuant to the terms of a collective bargaining agreement executed between the employee's union and the employer. Because we hold that an employee has standing to challenge an unfavorable arbitration award where he or she is the real party in interest to the arbitration, we reverse the judgment of the court of common pleas.

Plaintiff, Juanita Barksdale, is employed by defendant, Ohio Department of Administrative Services, under the terms of a collective bargaining agreement between the state of Ohio and the Ohio Civil Service Employees Association, Local 11, AFSCME, AFL-CIO. In 1987, plaintiff filed a grievance in which she sought reclassification from her current position as an Account Clerk 2. The grievance was denied and the matter proceeded to binding arbitration pursuant to the terms of the collective bargaining agreement. Following an unfavorable arbitration award, plaintiff filed an application to vacate the award pursuant to R.C. 2711.10. Defendant moved for a judgment dismissing the application on the grounds that plaintiff was not a party to the arbitration proceeding and that plaintiff therefore lacked standing to apply for an order vacating the award. Observing that plaintiff was represented by her union at the arbitration hearing, the court granted defendant's motion and dismissed the application. From this judgment, plaintiff brings this timely appeal, asserting a single assignment of error:

"The trial court committed reversible error in granting appellee's motion to dismiss, finding that appellant was not a proper party to appeal the arbitrator's decision."

The validity and enforcement of contractual arbitration agreements is generally governed by R.C. Chapter 2711. Pursuant to R.C. 2711.09, the court of common pleas may enter an order confirming an arbitration award upon the application of "any party to the arbitration." Alternatively, the court may, upon the application of any party, enter an order vacating or

modifying the award for any of the reasons enumerated in R.C. 2711.10 and 2711.11.

■ While applications to confirm, vacate or modify arbitration awards are generally governed by R.C. Chapter 2711, this case involves a collective bargaining agreement executed by a public employer and a union representing public employees. Such agreements are specifically governed by the provisions contained in R.C. Chapter 4117. Of particular interest is R.C. 4117.-09(B)(1), which states that " * * * [a] party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."

■ In *Lepp v. Ohio Hazardous Waste Facility Bd.* (Sept. 26, 1991), Franklin App. No. 91AP–464, unreported, 1991 WL 224181, this court recently held that R.C. 4117.09(B)(1) specifically governs the enforcement of arbitration awards rendered pursuant to public sector collective bargaining agreements. Applying that section, we held that a public employee is a "party to the agreement" with standing to *enforce* a labor arbitration award rendered in his favor. Nevertheless, our holding in *Lepp* does not necessarily preclude the application of R.C. Chapter 2711. Where they conflict, general and special provisions are to be construed, if possible, so that effect may be given to both. As there is no indication that R.C. 4117.09(B)(1) was intended to supersede the provisions contained in R.C. Chapter 2711, we construe it as merely supplementing those provisions. Because R.C. 4117.09(B)(1) refers to the enforcement of arbitration awards, but not to the vacation or modification of those awards, we conclude that R.C. 2711.10 sets forth the law applicable to this case.

■ To resolve this appeal, we must determine whether plaintiff was a "party" to the arbitration proceeding conducted pursuant to the terms of the collective bargaining agreement. Under R.C. 2711.10, only a party to such a proceeding has standing to apply for an order vacating the award. Because the term "party" is not defined in the statute, we must give it its ordinary and accepted meaning. A party to a proceeding is one who is directly interested in the subject matter of the suit and who has a right to control the proceedings, make a defense, and to adduce and cross-examine witnesses. *In re Estate of Butler* (1940), 137 Ohio St. 115, 120, 17 O.O. 440, 442, 28 N.E.2d 196, 198; *Quinn v. State ex rel. Leroy* (1928), 118 Ohio St. 48, 53, 160 N.E. 453, 455. The term may also be found in Civ.R. 17(A), which provides that "[e]very action shall be prosecuted in the name of the real party in interest." Under this rule, a civil action must be brought in the name of the party possessing the substantive right to relief under the applicable law. *Shealy v. Campbell*

(1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 210, 485 N.E.2d 701, 702; 6(A) Wright, Miller & Kane, Federal Practice & Procedure (1971) 334, Section 1543. The "real party in interest" has been defined as that person or organization who has a real interest in the subject matter of the case such that he is directly benefitted or injured by the outcome of the litigation. *West Clermont Edn. Assn. v. West Clermont Bd. of Edn.* (1980), 67 Ohio App.2d 160, 162, 21 O.O.3d 457, 458, 426 N.E.2d 512, 514.

 Whether or not an employee is technically made a party to a labor arbitration proceeding, the employee is often the real party in interest with respect to such a proceeding. As we observed in *Lepp,* employees are bound by the terms of a collective bargaining agreement even though they are not actual signatories to the agreement. They are, in fact, the intended beneficiaries of the agreement. Where the rights adjudicated at an arbitration proceeding belong to an employee, not to the union as a whole, it is the employee who will be directly benefitted or injured by the outcome of the litigation. Although the employee is represented by the union, the employee is the real party in interest where rights personal to the employee are the subject of the litigation. As used in R.C. 2711.10, the term "party" encompasses both the nominal and real parties to the suit. Where the employee is the real party in interest with respect to the subject matter of a labor arbitration proceeding, the employee is a "party" under R.C. 2711.10 with standing to challenge an award rendered in such a proceeding.

 In this case, plaintiff seeks reclassification from her current position of employment. By this action, she seeks to exercise her own rights, not those belonging to the union as a whole. Although the union served as her representative at the arbitration proceeding, plaintiff was the real party in interest because only she will be directly affected by the outcome of this litigation. Thus, plaintiff is a party under R.C. 2711.10 with standing to apply for an order vacating the arbitration award.

Plaintiff's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.