COLEMAN, Appellant,

v.

CLEVELAND SCHOOL DISTRICT et al., Appellees.

[Cite as *Coleman v. Cleveland School Dist.* (2001), 142 Ohio App.3d 690.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78464.

Decided July 30, 2001.

*Mark P. Herron,* for appellant.

*Taft, Stettinius & Hollister, L.L.P., Margaret Anne Cannon* and *Michelle R. Arendt*; and *Lisa Marie Ruda,* Chief Legal Counsel, Cleveland Municipal School District, for appellees Cleveland Municipal School District and Cleveland Board of Education.

*Faulkner, Muskovitz & Phillips, L.L.P., Susannah Muskovitz* and *William M. Menzalora,* for appellee Cleveland Teachers Union.

---

MICHAEL J. CORRIGAN, Judge.

Appellant Kathy Coleman appeals from the trial court's grant of the motions to dismiss filed by appellees Cleveland Municipal School District and Cleveland Teachers Union, AFT Local 279, AFL/CIO. Because the trial court correctly concluded that it was without jurisdiction to consider the merits of the appellant's "Application to Vacate and Modify Arbitration Award," we affirm the trial court's grant of the motions to dismiss.

The appellant was terminated from her employment as a teacher in the Cleveland Public Schools on the basis of making numerous inappropriate and racially laced remarks to administrators and other teachers and exhibiting other inappropriate, unprofessional, and uncontrolled behavior.

The appellant initially challenged her firing through the grievance process of the collective-bargaining agreement between the school district and the teachers' union. After the appellant failed to get her termination reversed through the grievance process, the case proceeded to arbitration. The parties to the arbitration proceeding were the school district and the teachers' union. Appellant was not a party to the arbitration. Arbitration hearings were held on four separate days over a five-week period from December 11, 1998, to January 19, 1999. After the close of the hearings, the arbitrator issued an opinion in which she found that there was just cause for the appellant's termination. The opinion concluded that the school district "had not only the right, but the responsibility," to discipline appellant. (Emphasis added.)

On November 17, 1999, the appellant filed an unfair-labor-practice charge with the State Employment Relations Board against the teachers' union, alleging impropriety in the union's representation of her interests during the arbitration proceedings. On November 19, 1999, the appellant filed this action in the common pleas court seeking to vacate the arbitration award. On May 4, 2000, appellant filed an Amended Application to Vacate, Reverse and Modify Arbitration Award. Subsequent to that filing, both appellees filed motions to dismiss. On July 20, 2000, the trial court granted both motions.

The appellant filed this appeal on August 21, 2000. Although the appellant presents four assignments of error for this court's review, our resolution of the first assignment of error is dispositive of the entire appeal and renders the remaining three assignments of error moot. The first assignment of error states:

■ "I. The trial court erred in finding that Kathy Coleman did not have standing to challenge the unfavorable arbitration award (*Barksdale v. Ohio Dep't. of Administrative Services* (1992), 78 Ohio App.3d 325, 604 N.E.2d 798, approved and followed)."[1]

In her first assignment of error, the appellant invites this court to depart from our earlier decisions in *Stafford v. Greater Cleveland Regional Transit Auth.* (Dec. 23, 1993), Cuyahoga App. No. 63663, 65530, unreported, 1993 WL 536089; *Coleman v. Cleveland City School Dist. Administration* (Sept. 4, 1992), Cuyahoga App. No. 62570, unreported, 1992 WL 219100, and adopt the rationale of the Tenth District Court of Appeals as enunciated in *Barksdale v. Ohio Dept. of Adm. Services* (1992), 78 Ohio App.3d 325, 604 N.E.2d 798.

R.C. 2711.10 states:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evidence partiality (sic) or corruption on the part of the arbitrators, or any of them." (Emphasis added.)

In both *Stafford* and *Coleman*, this court held that a person who is not a party to arbitration may not file an application to vacate the arbitration decision in the common pleas court. These holdings were premised in the United States Supreme Court's decision of *United Transp. Union v. United Transp. Union, Local 74* (1990), 494 U.S. 1051, 110 S.Ct. 1517, 108 L.Ed.2d 757, wherein the court reasoned that the success of the collective-bargaining process depends upon the exclusivity of the union's right to represent all employees within its bargaining unit and that the establishment of the union as representative necessarily deprives individual employees of the ability to bargain individually.

In *Stafford* this court stated:

"This court has held that an individual employee lacks standing to vacate an arbitration award to which his union was a party. See *Coleman v. Cleveland City School District* (September 4, 1992), Cuyahoga App. No. 62570, unreported [1992

---

1. The remaining assignments of error are as follows:

"II. The trial court erred in concluding that it lacked jurisdiction to hear Coleman's petition to vacate the arbitration award because Coleman's allegations also constituted unfair labor practices with [sic] the exclusive jurisdiction of the State Employment Relations Board.

"III. The trial court erred in concluding that Coleman's petition was barred by the doctrine of res judicata.

"IV. The trial court erred in concluding that Ms. Coleman's application to vacate the arbitration award was defective for failure to attach the arbitration award being challenged to her application."

WL 219100]. We see no reason to depart from our holding in Coleman. Since Stafford was not a party to the arbitration award, the trial court did not err in finding that he lacked standing to vacate the award."

In *Barksdale*, a case decided prior to both *Stafford* and *Coleman*, the Tenth Appellate District reached an opposite conclusion from that reached by this court in *Stafford* and *Coleman*. The *Barksdale* court found that "[w]hether or not an employee is technically made a party to a labor arbitration proceeding, the employee is often the real party in interest with respect to such a proceeding," and in so finding permitted a public sector employee who was represented by a union to file a motion to vacate an arbitration award on her own behalf. *Barksdale*, 78 Ohio App.3d at 329, 604 N.E.2d at 800–801.

■ We see no reason to depart from the sound public policy rationale underlying our decision in *Stafford*, especially in light of the fact that the appellant in the case sub judice did in fact file an unfair-labor-practice complaint with the State Employment Relations Board. A complaint based on conduct that arguably or actually constitutes an unfair labor practice is subject to the exclusive jurisdiction of the State Employment Relations Board. *Stafford v. Greater Cleveland Regional Transit Auth., supra*, citing *Gunn v. Euclid City School Dist. Bd. of Edn.* (1988), 51 Ohio App.3d 41, 43, 554 N.E.2d 130, 132–133; and *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police* (1991), 59 Ohio St.3d 167, 171, 572 N.E.2d 87, 91–92.

The holding urged upon this court by the appellant would have the very real effect of undermining the collective-bargaining process without any concomitant benefit to the appellant or other similarly situated employees who are subject to the terms of a collective-bargaining agreement. The appellant had available to her, and did in fact utilize, the existing procedural and administrative remedies to pursue her claim that the teachers' union did not competently represent her interests at the arbitration proceedings. Thus, we are compelled to affirm the judgment of the trial court.

*Judgment affirmed.*

TIMOTHY E. MCMONAGLE, P.J., and JAMES J. SWEENEY, J., concur.