LEON, APPELLANT, *v*. BOARDMAN TOWNSHIP, APPELLEE.

[Cite as *Leon v. Boardman Twp*., 100 Ohio St.3d 335, 2003-Ohio-6466.]

*Employer and employee — Arbitration — Collective bargaining — When employee's discharge or grievance is arbitrated between an employer and a union under the terms of a collective bargaining agreement, aggrieved employee does not have standing to petition a court to vacate the award pursuant to R.C. 2711.10 unless the collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration.*

(No. 2002-1955 — Submitted October 21, 2003 — Decided December 24, 2003.)

APPEAL from the Court of Appeals for Mahoning County, No. 01CA235, 2002-Ohio-5371.

_____

SYLLABUS OF THE COURT

When an employee's discharge or grievance is arbitrated between an employer and a union under the terms of a collective bargaining agreement, the aggrieved employee does not have standing to petition a court to vacate the award pursuant to R.C. 2711.10, unless the collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration.

_____

ALICE ROBIE RESNICK, J.

{¶1} On May 5, 2000, plaintiff-appellant, Andre Leon, a patrolman for defendant-appellee, Boardman Township, was discharged for violating the township's residency requirements for its civil-service employees. Leon's

discharge was arbitrated on his behalf by his union, Ohio Patrolmen's Benevolent Association ("OPBA"), under the terms of a collective bargaining agreement between the township and OPBA. The arbitrator reduced Leon's discharge to a suspension and reinstated Leon to his position as a police officer (conditioned upon relocation to the township within 60 days) but declined to award any back pay. After OPBA denied Leon's request for further representation with regard to the issue of back pay, Leon instituted the present proceedings to vacate the arbitration award pursuant to R.C. 2711.10, which provides that "the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if" any of four delineated circumstances are found.

{¶2} The trial court dismissed Leon's application on the basis that he was not a party to the arbitration regarding his discharge and, therefore, "lacks standing to bring a motion to vacate the arbitration decision."

{¶3} In affirming the judgment of the trial court, the court of appeals agreed that "only parties to the arbitration have standing to move for vacation of an arbitration award [under] R.C. 2711.10." After reviewing several decisions from other Ohio appellate districts, the court of appeals concluded that "the language of the collective bargaining agreement is the top consideration" in determining an employee's status as a party. In particular, the court held, "Absent language in the collective bargaining agreement allowing the employee to have control over the arbitration proceedings, an employee has no standing [to challenge the arbitration award] and * * * is not a 'party' to the arbitration proceedings as contemplated by R.C. 2711.10."

{¶4} Having so held, the court of appeals then reviewed and contrasted two parts of the collective bargaining agreement between the township and OPBA—Article 24, Section 8 (Employee Discipline), and Article 21 (Grievance and Arbitration Procedure). The court found that the arbitration in this case was

2

initiated under Article 24, Section 8, and that this provision, unlike Article 21, does not give the employee control over the arbitration process. The court of appeals reasoned that "if the collective bargaining agreement was intended to grant the employee control over the arbitration process in the Employee Discipline section, the agreement could have either included the provisions under Article 21 or referenced Article 21 as a guide for the arbitration process under Article 24."

{¶5} The cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶6} The sole issue presented for our review is whether Leon was a "party" to the arbitration regarding his discharge for purposes of R.C. 2711.10. In order to resolve this issue, we must decide whether and under what circumstances an employee has standing to challenge an arbitration award rendered pursuant to the terms of a collective bargaining agreement between the employee's union and employer.

{¶7} Leon proposes that "[a]n employee-union member who is the 'real party in interest' and who will be directly benefited or injured by the outcome of an arbitration proceedin[g] has standing to pursue review of the proceeding in the common pleas court pursuant to R.C. 2711.10." In support of this proposition, Leon relies on *Barksdale v. Ohio Dept. of Adm. Serv.* (1992), 78 Ohio App.3d 325, 604 N.E.2d 798, in which the Tenth District Court of Appeals reasoned:

{¶8} "Whether or not an employee is technically made a party to a labor arbitration proceeding, the employee is often the real party in interest with respect to such a proceeding. As we observed in *Lepp* [*v. Ohio Hazardous Waste Facility Bd.* (Sept. 26, 1991), 10th Dist. No. 91AP-464, 1991 WL 224181], employees are bound by the terms of a collective bargaining agreement even though they are not actual signatories to the agreement. They are, in fact, the intended beneficiaries of the agreement. Where the rights adjudicated at an arbitration proceeding belong

to an employee, not to the union as a whole, it is the employee who will be directly benefitted or injured by the outcome of the litigation. Although the employee is represented by the union, the employee is the real party in interest where rights personal to the employee are the subject of the litigation. As used in R.C. 2711.10, the term 'party' encompasses both the nominal and real parties to the suit. Where the employee is the real party in interest with respect to the subject matter of a labor arbitration proceeding, the employee is a 'party' under R.C. 2711.10 with standing to challenge an award rendered in such a proceeding." Id., 78 Ohio App.3d at 329, 604 N.E.2d 798.

{¶9} It appears, however, that the decision in *Barksdale* is a legal anomaly. Leon has not cited, nor has our research disclosed, a decision from any other court in which it was held that an employee has standing to challenge an adverse arbitration award under a collective bargaining agreement merely because his or her personal rights were affected by or the subject of the arbitration.

{¶10} In any event, the *Barksdale* test fails to account for the contractual nature of the "personal" rights to which it refers. "Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by the terms of that agreement which govern the manner in which contractual rights may be enforced." *Vaca v. Sipes* (1967), 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842. Thus, when an employee seeks to vindicate his or her rights under a collective bargaining agreement that provides for binding arbitration, as in this case, the question becomes whether the collective bargaining agreement gives the aggrieved employee, rather than his or her union, the procedural right to invoke arbitration. By focusing on whether the right sought to be vindicated is personal to the aggrieved employee or collective in nature, the *Barksdale* test resolves this contractual question without regard to the terms of the contract.

4

**{¶11}** On the other hand, appellee proposes that "[a]n individual employee has no standing to move or petition a court to vacate the results of an arbitration between a union and an employer." This proposition is similarly flawed because it too establishes a blanket rule that operates irrespective of the terms of the collective bargaining agreement. Besides, the cases upon which appellee relies do not support such a blanket proposition. In fact, these cases actually suggest, in one form or another, that an aggrieved worker would have standing to challenge an arbitration award under a collective bargaining agreement that clearly provides for an individual right of action. In some of these cases, this view is expressed in the form of an exception. For example, as explained in *Taylor v. State Bd. of Mediation & Arbitration* (1999), 54 Conn.App. 550, 557-558, 736 A.2d 175, the aggrieved employee is not ordinarily considered a party to the arbitration and thus has no standing to apply to confirm or vacate an award, " '[u]nless [the] collective bargaining agreement provides for a personal right to seek arbitration.' " Quoting *Hous. Auth. v. Local 1161, Council 4, AFSCME* (1984), 1 Conn.App. 154, 156, 468 A.2d 1251. Similarly, the court in *Melander v. Hughes Aircraft Co.* (1987), 194 Cal.App.3d 542, 544, 239 Cal.Rptr. 592, held that "when an employee grievance is arbitrated under the terms of a collective bargaining agreement (CBA) between an employer and a union, the individual employee does not have standing to petition to vacate the award unless (1) the CBA contains a provision expressly giving employees themselves the right to submit disputes to arbitration * * *."

**{¶12}** Other courts recognize essentially the same exception but express it in the form of prefatory language. See, e.g., *Lee v. Municipality of Bethel Park* (1993), 156 Pa.Commw. 158, 162, 626 A.2d 1260, fn. 3 ("absent a specific provision in the collective bargaining agreement, [individual employees] lack standing, independent of the bargaining representative, to challenge arbitration

awards"); *Milwaukee Bd. of School Directors v. Milwaukee Teachers' Edn. Assn.* (1988), 143 Wis.2d 591, 597, 422 N.W.2d 149, fn. 3 ("in the absence of provisions [in the collective bargaining agreement] to the contrary, only [the employer] and [the union] are the proper parties to the proceeding, and they alone have standing to arbitrate").

{¶13} In other cases, the contractual exception to the general no-standing rule may not be explicitly stated, but it is certainly implied in the court's analysis. For example, in *Wilson v. Toledo Bd. of Edn.* (Oct. 17, 1986), 6th Dist. No. L-85-425, 1986 WL 11639, upon which appellee relies heavily, the Sixth District Court of Appeals adopted "[t]he general rule * * * that individual employees have no standing to challenge an arbitration proceeding to which the union and the employer were the sole parties." Finding that "the union (TFT) and the employer (Board) were the sole parties to the arbitration proceeding," which involved the recommended termination of Wilson's teaching contract, the court concluded that Wilson lacked standing to challenge the award under R.C. 2711.10. But the court's analysis did not end there. Instead, the court went on to consider whether the collective bargaining agreement granted the employee an independent right to challenge the arbitrator's award. Based on its review of the relevant provisions in the collective bargaining agreement, which essentially afforded the union the right to arbitrate disputes on behalf of aggrieved employees, the court concluded that "only TFT had standing to appeal to the court of common pleas."

{¶14} It is worth mentioning that in formulating its version of the no-standing rule, the court in *Wilson* relied in part on *Vosch v. Werner Continental, Inc.* (C.A.3, 1984), 734 F.2d 149, 154. In *Vosch* the court put it rather succinctly that "the best method for resolving grievances between employers and employees represented by a union is the procedure to which the parties themselves have agreed."

**{¶15}** Similarly, in *Morrison v. Summit Cty. Sheriff's Dept.* (June 20, 2001), 9th Dist. No. 20313, 2001 WL 688895, the Ninth Appellate District followed *Wilson* and held that an employee lacked standing under R.C. 2711.10 where the collective bargaining agreement provided that the union is the "sole and exclusive representative" and "has the right to decide whether to arbitrate a grievance." Likewise, in *Fleming v. United Parcel Serv., Inc.* (1992), 255 N.J.Super. 108, 604 A.2d 657, affirmed (App.Div.1994), 273 N.J.Super. 526, 642 A.2d 1029, the Superior Court of New Jersey held that an employee lacked standing to challenge an arbitration award where the collective bargaining agreement provided that the grievance process "may be invoked only by authorized Union representatives." In so holding, the court explained:

**{¶16}** " 'When a collective bargaining agreement establishes a mandatory, binding grievance procedure and gives the union the exclusive right to pursue claims on behalf of the aggrieved employees, the results obtained by the union are normally conclusive of employees' rights under the agreement. * * * This means, of course, that an aggrieved worker whose employment is governed by such an agreement normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process.' " Id., 255 N.J.Super. at 140, 604 A.2d 657, quoting *McNair v. United States Postal Serv.* (C.A.5, 1985), 768 F.2d 730, 735. See, also, *Melander*, supra, 194 Cal.App.3d at 544, 239 Cal.Rptr. 592 (employee has no standing to challenge arbitration award where collective bargaining agreement provided that grievances could be submitted to arbitration only "by approval of the Union's Executive Board or of the Management of the Employer").

**{¶17}** The concepts developed in these cases are in large part the product of a synthesis of labor relations policy and contract law. Sound labor policy

disfavors an individualized right of action because it tends to vitiate the exclusivity of union representation, disrupt industrial harmony, and, in particular, impede the efforts of the employer and union to establish a uniform method for the orderly administration of employee grievances. See *Fleming*, supra, 255 N.J.Super. at 140-141, 604 A.2d 657; *Melander*, supra, 194 Cal.App.3d at 547, 239 Cal.Rptr. 592. See, also, *Coleman v. Cleveland School Dist.* (2001), 142 Ohio App.3d 690, 692-693, 756 N.E.2d 759. But while this policy may serve as a justification for permitting, or even presuming, the contractual subordination of individual employee rights under a collective bargaining agreement, it does not go so far as to require such a result. There is nothing in the national or state labor policy that precludes a collective bargaining agreement from giving the arbitral right to the aggrieved employee, rather than to his or her union. See, e.g., *Vaca v. Sipes*, supra, 386 U.S. at 184, 87 S.Ct. 903, 17 L.Ed.2d 842, fn. 10 ("Occasionally, the bargaining agreement will give the aggrieved employee, rather than his union, the right to invoke arbitration."); *Retail Clerks Internatl. Assn., Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.* (C.A.6, 1965), 341 F.2d 715, 720-721 (despite national policy favoring arbitration, only individual employees, and not the union, may arbitrate grievances under a collective bargaining agreement that gives the right of arbitration to "any individual employee who may have a grievance"). Thus, the proposition that emerges from these cases is that an aggrieved worker whose employment is governed by a collective bargaining agreement that provides for binding arbitration will generally be deemed to have relinquished his or her right to act independently of the union in all matters related to or arising from the contract, except to the limited extent that the agreement explicitly provides to the contrary.

{¶18} Accordingly, we hold that when an employee's discharge or grievance is arbitrated between an employer and a union under the terms of a

collective bargaining agreement, the aggrieved employee does not have standing to petition a court to vacate the award pursuant to R.C. 2711.10, unless the collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration.

{¶19} In this case, the court of appeals held that Leon was not a party to the arbitration for purposes of R.C. 2711.10, because the collective bargaining agreement did not allow the employee to control the arbitration proceedings. In particular, the court found the element of employee control to be lacking because Article 24, Section 8 of the agreement provides that when the employee elects to appeal his or her discipline "to an impartial third party," the third party "shall be selected by mutual agreement of the Union and the Township." At this point, the court reasoned, "the employee loses control over the proceedings" and "the Union * * * is acting on behalf of the employee."

{¶20} Leon does not dispute that Article 24, Section 8, standing alone, deprives him of standing to petition for an order vacating the arbitration award. He argues, however, that "once the employee chooses to submit the claim to an 'impartial third party' [under Article 24, Section 8], Article 21 governs the procedures that follow."

{¶21} We agree with Leon that the arbitration provisions of Article 21 govern the procedure to be followed in an Article 24, Section 8, appeal to an impartial third party. Indeed, we find it rather obvious that the "impartial third party" mentioned in Article 24, Section 8, is an arbitrator. But we cannot agree with either Leon or the court of appeals that Article 21 gives the employee an independent right to invoke arbitration. The one dispositive item that everyone in this case neglects to mention is that Article 21, Section 5, specifically provides that an "appeal to arbitration is conditioned on the signed approval of the President of the Association." It is exactly this type of provision that is inserted

into collective bargaining agreements in order to preclude individual employees from arbitrating disputes on their own behalf.

**{¶22}** Accordingly, Leon's application to vacate the arbitration award was properly dismissed for lack of standing, and the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

R. Brian Moriarty and Patrick A. D'Angelo, for appellant.

James L. Messenger and Scott C. Essad, for appellee.

_____