ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court and the briefs.
 {¶ 2} Plaintiff-appellant Henry B. Jones, III ("appellant") appeals the decision of the Cuyahoga County Court of Common Pleas finding that he lacked standing to challenge an unfavorable arbitration award. For the reasons stated below, we affirm.
 I. {¶ 3} On December 11, 2001, appellant was terminated from his employment as a social worker with the Department of Youth Services.[1] Appellant filed a grievance pursuant to the collective bargaining agreement entered into between the State of Ohio ("state") and his union, the Service Employees International Union ("SEIU"), District 1199. On October 7, 2002, the matter was sent to arbitration.
 {¶ 4} On November 21, 2002, the arbitrator issued a report upholding appellant's termination. On February 20, 2003, appellant filed a petition with the Cuyahoga County Court of Common Pleas to set aside the arbitrator's decision. On April 25, 2003, the state filed a motion to dismiss pursuant to Civ.R. 12(b)(6). On September 16, 2003, the trial court granted the state's motion, finding appellant lacked standing.
 {¶ 5} From this decision, appellant advances one assignment of error for our review.
 II. {¶ 6} In his sole assignment of error, appellant argues that "the trial court erred in finding that Henry B. Jones did not have standing to challenge the unfavorable arbitration award (Barksdale v. Ohio Dept. of Administrative Services (1992),78 Ohio App.3d 325, approved and followed)." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 7} We have consistently held that an individual who is not a party to arbitration may not file an application to vacate the arbitration decision in the common pleas court. Stafford v.Greater Cleve. Regional Transit Auth. (Dec. 23, 1993), Cuyahoga App. No. 63663, 65530; Coleman v. Cleve. City Sch. Dist. Admin.
(Sept. 4, 1992), Cuyahoga App. No. 62570. It is clear from the record that appellant was not a party to the collective bargaining agreement.
 {¶ 8} Appellant urges that we depart from our previous decisions and adopt the reasoning of the Tenth District Court of Appeals decision in Barksdale v. Ohio Dept. of Admin. Serv.
(1992), 78 Ohio App.3d 325. In Barksdale, the court found "where the employee is the real party in interest with respect to the subject matter of a labor arbitration proceeding, the employee is a `party' under R.C. 2711.10 with standing to challenge an award rendered in such a proceeding."
 {¶ 9} We have previously considered Barksdale and have chosen not to adopt its reasoning. Coleman v. Cleve. Sch. Dist.
(July 19, 2001), Cuyahoga App. No. 78464,142 Ohio App.3d 690.[2] Rather, we find persuasive the Ohio Supreme Court's language in Leon v. Boardman Twp., 100 Ohio St.3d 335, 340,2003-Ohio-6466: "Sound labor policy disfavors an individualized right of action because it tends to vitiate the exclusivity of union representation, disrupt industrial harmony, and, in particular, impede the efforts of the employer and union to establish a uniform method for the orderly administration of employee grievances." Because the collective bargaining agreement under which appellant finds himself fails to provide for an individual right of action, he was without standing to challenge the unfavorable arbitration decision. Id.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Celebrezze, Jr., J. Concur.
[1] Appellant was terminated for failure to take a drug test in violation of a "last chance agreement" contained in the collective bargaining agreement. This "last chance agreement" was imposed upon appellant for previously testing positive for cocaine during a random drug test in February 2002. In addition to standard drug tests, the agreement involved appellant submitting to six randomly scheduled drug tests in a 12-month period. Any positive test would result in the termination of appellant's employment.
[2] The Ohio Supreme Court has recently commented onBarksdale, finding, "* * * the decision in Barksdale is a legal anomaly. * * * [o]ur research [has not] disclosed a decision from any other court in which it was held that an employee has standing to challenge an adverse arbitration award under a collective bargaining agreement merely because his or her personal rights were affected by or the subject of the arbitration." Leon v. Boardman Twp., 100 Ohio St.3d 335, 337,2003-Ohio-6466.