[Cite as *Gales v. Ohio Dept. of Public Safety*, 2021-Ohio-216.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Timothy Gales,                                    :

      Plaintiff-Appellant,              :

                                          Nos. 19AP-720

v.                                                :       (C.P.C. No. 19CV-3311)

Ohio Department of Public Safety, et al.,         :       (REGULAR CALENDAR)

      Defendants-Appellees.             :

---

D E C I S I O N

Rendered on January 28, 2021

---

**On brief:** *Timothy Gales*, pro se. **Argued:** *Timothy Gales*.

**On brief:** *Dave Yost*, Attorney General, and *Matthew J. Karam*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1}   Plaintiff-appellant, Timothy Gales, appeals from a decision of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Ohio Department of Public Safety ("ODPS") and Ohio State Highway Patrol ("OSHP") (collectively "appellees").  For the reasons that follow, we affirm.

## I.  Facts and Procedural History

{¶ 2}   Gales is a former employee of the OSHP, which is a division of the ODPS. (May 20, 2019 Mot. to Dismiss at 2.)  While employed by the OSHP, Gales was a member of the Fraternal Order of Police ("FOP").  (Apr. 22, 2019 App. to Vacate at 1.)  Although not directly relevant to the matter presently before the court, we begin with a brief summary of the prior history of the parties and events leading up to the instant matter to provide context to our analysis of Gales' appeal.

19AP-720

{¶ 3}   Effective July 1, 2012, the State of Ohio ("the state") and FOP entered into a collective bargaining agreement ("CBA") which permitted the parties to submit certain disputes to arbitration. *State v. FOP of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 2. On March 1, 2013, the director of ODPS issued a letter to Gales informing him that his employment had been terminated for violation of workplace rules, violation of Ohio law, and "actions that brought discredit" upon ODPS. *Id.* The termination was the culmination of a workplace investigation into allegations that Gales had sold numerous vehicles that he purchased at auction to members of the public without obtaining a dealer or salvage license from the Ohio Bureau of Motor Vehicles. *Id.*

{¶ 4}   Pursuant to the terms of the CBA, Gales filed a grievance challenging his termination. *Id.* at ¶ 3. Subsequently, the parties submitted the matter to arbitration. *Id.* Following a two-day hearing in September 2014, the arbitrator[1] issued a decision and award dated November 24, 2014 which modified Gales' termination to a one-month suspension without pay. *Id.*

{¶ 5}   On February 20, 2015, the state filed an "application and motion to vacate arbitration award" in the trial court. *Id.* at ¶ 4. On March 20, 2015, FOP responded in an "answer and counterclaim" asserting the trial court should deny the state's motion to vacate and seeking an order (1) confirming the arbitration award, (2) requiring the state to pay Gales any and all back pay and benefits, (3) awarding interest to Gales, and (4) requiring the state to pay all costs. *Id.*

{¶ 6}   On May 19, 2016, the trial court issued a decision and entry denying the state's motion to vacate the arbitration award and granting FOP's motion to confirm the arbitration award. *Id.* at ¶ 7. The trial court also awarded both prejudgment and postjudgment interest on the back pay due to Gales from November 24, 2014 until the date of Gales' reinstatement. *Id.* at ¶ 9.

{¶ 7}   The state filed a timely appeal of the judgment of the trial court. *Id.* at ¶ 9. On April 13, 2017, this court issued a decision which affirmed the judgment of the trial court in its entirety. *Id.* at ¶ 31.

{¶ 8}   On May 15, 2017, Gales was reinstated to his position as an enforcement agent with OSHP/ODPS. (App. to Vacate at 6.) On January 11, 2018, Gales became the

---

[1] The arbitrator was E. William Lewis. (App. to Vacate at 5.)

subject of an administrative investigation. *Id.* The investigation concerned allegations by ODPS that Gales breached his obligation offset as provided for in the November 24, 2014 arbitration award by failing to disclose all income earned from other employment during his absence subsequent to his previous termination. *Id.* at 6-7. Ultimately, on March 20, 2018, Gales was terminated from his employment for being untruthful regarding secondary employment. (*Id.* at 8; Mot. to Dismiss at 2.)

{¶ 9} Gales' termination was grieved and proceeded to arbitration on September 10, 2018. (App. to Vacate at 9; Mot. to Dismiss at 2.) The parties to the arbitration included the FOP and appellees. (App. to Vacate at 9.) On January 25, 2019, the arbitrator[2] issued an arbitration award denying the grievance and upholding Gales' termination. *Id.* at 13.

{¶ 10} On April 22, 2019, Gales filed his "application to vacate arbitration award, to non-party" in the Franklin County Court of Common Pleas, seeking to vacate the arbitration award issued on January 25, 2019 which denied Gales' grievance and upheld Gales' termination from employment.[3] On May 20, 2019, appellees responded to Gales' application to vacate by filing a motion to dismiss, arguing the trial court should dismiss the complaint in its entirety pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. On June 4, 2019, Gales filed an "answer" in response to appellees' motion to dismiss.

{¶ 11} In a September 19, 2019 entry, the trial court granted appellees' motion to dismiss, finding that Gales lacked standing to petition the court to vacate the January 25, 2019 arbitration award. More specifically, after first determining that the motion should be evaluated under the Civ.R. 12(B)(6) standard as opposed to the Civ.R. 12(B)(1) standard, the trial court reviewed the CBA attached to Gales' application to vacate and found that the CBA failed to confer the requisite standing under R.C. 2711.10 to file such an application. (Sept. 19, 2019 Decision and Entry at 1, 6.) Thus, the court dismissed Gales' application to vacate arbitration award pursuant to Civ.R. 12(B)(6). (*Id.* at 7.)

{¶ 12} This timely appeal followed.

---

[2] The arbitrator of Gales' grievance of the second termination was David Stanton. (App. to Vacate at 9.)

[3] Gales also filed an unfair labor practice charge with the State Employment Relation Board ("SERB") against ODPS, OSHP, the FOP and the Office of Collective Bargaining. (Mot. to Dismiss at 2.) SERB dismissed the charge on November 22, 2019. (Brief of Appellees at 1.)

## II. Assignments of Error

{¶ 13} Gales asserts the following nine assignments of error for our review:

[1.] Trial Court erred in dismissing the appellant action and abused its discretion in dismissing appellant's action

[2.] Trial Court erred by dismissing appellant's action pursuant to Ohio civil rule 12 (B-6) failure to state a claim. and abused its discretion

[3.] trial court erred by dismissing appellant's application to vacate in violation of 2711.13 and by doing so abused its discretion when it dismissed the action on a 12 (B -6) which is not part of the Ohio Revised Code 2711.

[4.] Trial court erred, and abused its discretion, by ruling the defendants were parties to a collective bargaining agreement pursuant to ORC 4117.10 (D) Then ruled, the Office of Collective Bargaining were not a party to the agreement between the state of Ohio and Fraternal Order of Police. pursuant to orc 4117 (D) The appellee's, namely, State Patrol, and Public safety, clearly were not ever meant to be included into the laws by the general assembly

[5.] Trial Court erred by dismissing appellant's application that alleged fraud, corruption, bias, and misconduct on the part of the arbitrator Ohio Revised code 2711.10 . And that, the Appellee's unlawfully and without leave of the court reversed the appellant from being Judgment creditor and real person in interest to judgment debtor. Which was confirmed by the franklin county common pleas court on May 19, 2016 (15MS00119). The appellee's operated off a confirmed award and a contract which had expired some three years ago.

[6.] Trial court erred and abused its discretion, by dismissing appellant's application based on arbitrator and appellee's public policy violations. The arbitrator violated public policy by reviewing an award issued on November 24, 2014. The arbitrator violated public policy when he ignored the fact he was reviewing an award which was confirmed by the court. The arbitrator to satisfy the will of the appellee's and fop crafted a remedy to support issuing a fraudulent award of dishonesty. When in fact it was the appellee's who were dishonest and acted in bad faith when the appellee's unlawfully revisited a closed award.

> [7.] Trial Court erred by dismissing Appellant's motion which cited award not enforceable due arbitrator misconduct and expired contract 2012-2015 and based on same set of facts from previous arbitration.  Arbitrator making rulings on disputes not before him.
>
> [8.] Trial Court erred by dismissing appellant's case due to previous award confirmed by the courts May 2016 Appeals Court April 14, 2017.
>
> [9.] Trial court erred by dismissing appellant's application to vacate due the appellee's lack of standings with a collective bargaining agreement

(Sic passim.)

## III.  Discussion

{¶ 14}  Gales has presented nine assignments of error, many of which are difficult to parse as being unclear, indecipherable, and/or somewhat incoherent.  Nevertheless, based on our construction of the assignments of error as stated, each of Gales' assignments of error asserts, in essence, either that the trial court erred in granting appellees' motion to dismiss generally, or that the trial court erred in granting appellees' motion to dismiss specifically by finding that Gales lacked standing to petition the court to vacate the arbitration award pursuant to R.C. 2711.10.  As explained below, we disagree.

{¶ 15}  " 'An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11.' "  *State v. FOP of Ohio* at ¶ 14, quoting *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711 (1992).  As set forth in R.C. 2711.13, "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code."  R.C. 2711.13.  Furthermore, " 'the language of R.C. 2711.13 is clear, unmistakable, and, above all, mandatory.' "  *FOP of Ohio* at ¶ 14, quoting *Galion v. Am. Fedn. & Mun. Emps., Local No. 2243*, 71 Ohio St.3d 620, 622 (1995).

{¶ 16}  As we have previously stated, a motion filed pursuant to R.C. Chapter 2711 " 'is not a full complaint initiating a civil matter.' "  *FOP of Ohio* at ¶ 15, quoting *Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. No. 09AP-608, 2010-Ohio-2850, ¶ 19.  Instead, a

19AP-720

motion filed under R.C. Chapter 2711 " 'occupies a hybrid procedural position, only vaguely defined by the statues that provide for it.' " *Reynoldsburg City School Dist. Bd. of Edn. v. Licking Hts. Local School Dist. Bd. of Edn.*, 10th Dist. No. 11AP-173, 2011-Ohio-5063, ¶ 16 ("*Reynoldsburg I")*, quoting *Geiger* at ¶ 19. Therefore, in cases brought pursuant to R.C.2711, " 'the applicable rules in both the local rules and Ohio Rules of Civil Procedure are those pertaining to motions rather than those pertaining to the commencement of an action.' " *FOP of Ohio* at ¶ 15, quoting *Reynoldsburg* at ¶ 15.

{¶ 17} We have previously held "that Civ.R. 13(A), pertaining to compulsory counterclaims, does not apply to proceedings on a motion to vacate, modify or correct an arbitration award brought pursuant to R.C. 2711.10." *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 22 ("*Reynoldsburg II*"). We arrived at this conclusion after an analysis that began with a discussion of the applicability of the Ohio Rules of Civil Procedure (the "Rules") to special statutory proceedings as provided for in Civ.R. 1. In *Reynoldsburg II*, we first noted that pursuant to Civ.R. 1(C)(7), the Rules,

> to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules.

*Reynoldsburg II* at ¶ 18, quoting Civ.R. 1(C)(7).

{¶ 18} We next cited favorably to a decision of our sister court in the Fifth Appellate District which addressed the applicability of the Rules in a case brought under R.C. 2711.09. In *MBNA Am. Bank, N.A. v. Anthony,* 5th Dist. No. 05AP09-0059, 2006-Ohio-2032, the losing party had filed a motion for definite statement pursuant to Civ.R. 12(E) in response to the prevailing parties' motion to confirm an arbitration award. Without ruling on the motion brought pursuant to Civ.R. 12(E), the trial court confirmed the arbitration award. The Fifth District affirmed the judgment of the trial court, stating:

> Proceedings involving the confirmation or vacation of an arbitration award are special statutory proceedings. Civil Rule 1(C)(7) provides the civil rules are by definition not to apply to procedural matters in special statutory proceedings "to the extent that they would by their nature be clearly inapplicable."

> Pursuant to R.C. 2711.09, when a motion is made to confirm an arbitration award * * * [t]he applicable civil rule provisions are those pertaining to motions, rather than those pertaining to commencement of an action. The Civil Rules do not provide for an answer and counterclaim to a motion in such proceedings. Therefore, the trial court did not err in entering final judgment prior to the alleged answer date.

*Reynoldsburg* at ¶ 19, quoting *Anthony* at ¶ 12-13.

{¶ 19} We then noted that we applied the same reasoning in our review of the trial court's decision in *Reynoldsburg I*, which concerned the applicability of the discovery cut-off date established by Loc.R. 39.05 to cases brought pursuant to R.C. 2711. In *Reynoldsburg I*, we rejected appellant's argument that the trial court erred in denying the motion to vacate the arbitration award prior to the expiration of the discovery cut-off date, finding instead that the time limits set forth in the case schedule pursuant to Loc.R. 39.01 were inapplicable to a proceeding brought under R.C. 2711 because Loc.R. 39.01 applied only to initial pleadings filed in order to open a new case, and hence commence an action, and cases brought pursuant to R.C. 2711 did not involve the commencement of an action. *Reynoldsburg I* at ¶ 15.

{¶ 20} Ultimately, we found in *Reynoldsburg II* that "[b]oth the *Anthony* case and our opinion in *Reynoldsburg I* recognize, that by operation of Civ.R. 1(C)(7), the civil rules that apply to special proceedings brought pursuant to R.C. 2711.05 et seq., are those pertaining to motions, not pleadings. Civ.R. 13(A) applies only to counterclaims and cross-claims, both of which are "pleadings" under the Civil Rules." *Reynoldsburg II* at ¶ 21, citing Civ.R. 7(A). Thus, we found that based upon the foregoing reasoning, Civ.R. 13(A) is inapplicable to proceedings brought pursuant to R.C. 2711.10. *Id.* at ¶ 22.

{¶ 21} Based upon the foregoing analysis, the Rules are clear that Civ.R. 12 applies only in cases involving pleadings, and hence cases where an action has been commenced, and not to special statutory proceedings such as cases like the instant matter brought pursuant to R.C. 2711. Specifically, Civ.R. 12(B) provides as follows:

> Every defense, in law or fact, to a claim for relief in any **pleading**, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the **responsive pleading** thereto if one is required, except that the following defenses may at the option of the **pleader** be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of

jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made **before pleading** if a **further pleading** is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a **responsive pleading** or motion. If a **pleading** sets forth a claim for relief to which the adverse party is not required to serve a **responsive pleading**, he may assert at the trial any defense in law or fact to that claim for relief. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the **pleading** and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the **pleadings** as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

(Emphasis added) Civ.R. 12(B).

{¶ 22} Furthermore, the tests for reviewing motions made pursuant to Civ.R. 12(B)(1) and 12(B)(6) confirm that a court considers such motions by reviewing the complaint, a pleading present only in actions which have been commenced. *See* Civ.R. 3(A); Civ.R. 7(A). A court presented with a motion to dismiss for lack of subject-matter jurisdiction made pursuant to Civ.R. 12(B)(1) must determine whether the **complaint** states any cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989); *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the **complaint**, *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, and in order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) "it must appear beyond doubt from the **complaint** that the plaintiff can prove no set of facts entitling him to recovery." (Emphasis added) *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In a proceeding brought pursuant to Chapter 2711 of the Revised Code, there simply is no complaint, and thus no action which has been commenced.

{¶ 23} As set forth above, this court has consistently held that in cases brought pursuant to R.C. 2711, " 'the applicable rules in both the local rules and Ohio Rules of Civil

19AP-720

Procedure are those pertaining to motions rather than those pertaining to the commencement of an action.' " *FOP of Ohio* at ¶ 15, quoting *Reynoldsburg I* at ¶ 15. Because motions filed pursuant to Civ.R. 12 are applicable only in cases pertaining to the commencement of an action, we find that motions filed pursuant to Civ.R. 12, including motions filed pursuant to Civ.R. 12(B)(1) or 12(B)(6), are inapplicable in a proceeding brought under Chapter 2711 of the Revised Code.

{¶ 24} Notwithstanding the foregoing, the inapplicability of Civ.R. 12(B)(6) to proceedings brought pursuant to R.C. Chapter 2711 does not preclude a defendant from moving for dismissal on the ground that a plaintiff lacks standing. *See Lupo v. Columbus,* 10th Dist. No. 13AP-1063, 2014-Ohio-2792, ¶ 19.[4] This is so because Civ.R. 7(B)(1) permits parties to file motions seeking court orders. *Id.* Furthermore, "trial courts * * * possess the innate ability to rule on a motion to dismiss for lack of standing." *Id.* at ¶ 20. Therefore, Civ.R. 7(B)(1) permits a party to file a motion to dismiss for lack of standing, and the trial court's inherent power imbues the court with the authority to entertain and rule on that motion. *Id.*

{¶ 25} " ' "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." ' " *Koehring v. Ohio State Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-396, 2007-Ohio-2652, ¶ 8, quoting *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 22, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994), *reconsideration denied* (1995), 71 Ohio St.3d 1459. " 'Whether established facts confer standing to assert a claim is a matter of law.' " *Id.*, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 90, *reconsideration denied*, 109 Ohio St.3d 1427, 2006-Ohio-1967 (further citations omitted).

{¶ 26} Because the question of standing is a matter of law, therefore, the standard of judicial review to be applied in this case is de novo. *Id.*, citing *Portage Cty. Bd. of Commrs.* at ¶ 90, citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 4, *reconsideration denied*, 96 Ohio St.3d 1489, 2002-Ohio-4478; *Cuyahoga Cty. Bd. of Commrs.* at ¶ 23 (further citations omitted). " '[*D*]e novo* appellate review means that the court of appeals independently reviews the record

---

[4] In *Lupo*, this court specifically found that "[t]he inapplicability of Civ.R. 12(B)(6) to R.C. 2506.01 appeals does not preclude an appellee from moving for dismissal, or the trial court from granting such a motion, on the ground that the appellant lacks standing." *Lupo* at ¶ 19.

19AP-720

and affords no deference to the trial court's decision.' " *Koehring*, 2007-Ohio-2652, at ¶ 10, quoting *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812 (8th Dist.2000), dismissed, appeal not allowed, 89 Ohio St.3d 1464, citing *Hall v. Ft. Frye Local School Dist. Bd. of Edn.*, 111 Ohio App.3d 690, 694 (4th Dist.1996) (citation omitted).

{¶ 27} In the case before us, the trial court relied upon *Leon v. Boardman Twp.*, 100 Ohio St.3d 335, 2003-Ohio-6466 in finding that Gales was not a proper party to pursue a proceeding to vacate the arbitration award issued on January 25, 2019. In *Leon*, the Supreme Court of Ohio held that "when an employee's discharge or grievance is arbitrated between an employer and a union under the terms of a collective bargaining agreement, the aggrieved employee does not have standing to petition a court to vacate the award pursuant to R.C. 2711.10, unless the collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration." *Leon* at ¶ 18, syllabus.[5] In reaching this conclusion, the high court found that "sound labor policy disfavors an individualized right of action because it tends to vitiate the exclusivity of the union representation, disrupt harmony, and in particular, impede the efforts of the employer and union to establish a uniform method for the orderly administration of employee grievances." *Leon* at ¶ 17.

{¶ 28} After reviewing the CBA attached by Gales to his application to vacate, the trial court determined that it did not expressly give Gales the independent right to submit his dispute to arbitration. Consequently, the court granted appellees' motion to dismiss Gales' application to vacate for lack of standing under the standard applicable to Civ.R. 12(B)(6).

{¶ 29} As set forth above, Civ.R. 12(B)(6) is inapplicable in a proceeding brought pursuant to R.C. Chapter 2711; therefore, it was error for the trial court to have applied the standard used for motions brought pursuant to Civ.R. 12(B)(6) in reviewing and ruling upon appellees' motion to dismiss. Nevertheless, as stated previously, a motion to dismiss

---

[5] We note that in *Leon*, the Supreme Court of Ohio also specifically rejected the argument Gales makes regarding being the "real party in interest." In *Leon*, the court found that our prior decision of *Barksdale v. Ohio Dept. of Adm. Servs.*, 78 Ohio App.3d 325 (10th Dist.1992), wherein we found that an employee-union member had standing to challenge an arbitration award despite not being a party to the arbitration proceeding, was a "legal anomaly" and improperly disregarded the terms of the collective bargaining contract. *Leon* at ¶ 7-10.

19AP-720

upon the grounds that Gales lacked standing could have been properly filed pursuant to Civ.R. 7(B)(1) in any event.  Accordingly, we find the trial court's error in applying Civ.R. 12(B)(6) was harmless error.

{¶ 30} Moreover, we have reviewed the copy of the CBA between the FOP and the state attached by Gales to his application to vacate, and we agree with the trial court that it does not contain any provision which expressly give Gales the independent right to submit his dispute to arbitration or otherwise challenge the arbitration award.  Therefore, pursuant to the authority set forth in *Leon*, the trial court properly granted appellees' motion dismiss for lack of standing under R.C. 2711.10.  Accordingly, we overrule Gales' nine assignments of error.

## IV.  Disposition

{¶ 31} Having overruled all of Gales' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

NELSON, J.J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.