JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Kathy W. Coleman ("Coleman"), appeals, pro se, from the dismissal of her application to vacate and reverse the arbitrator's dismissal of collective bargaining agreement grievance procedure grievances ("Application") by the Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following facts: The East Cleveland Education Association ("the Union") filed three grievances on Coleman's behalf against defendant-appellee, East Cleveland City School District Board of Education ("School Board"), during the 1999-2000 school year, contesting the School Board's non-renewal of Coleman's teaching contract. On September 5, 2001, the matter was heard before an arbitrator. On November 21, 2001, the arbitrator issued a decision denying Coleman's grievances. On June 28, 2002, the School Board filed a motion with the Court of Common Pleas to confirm the award. On September 30, 2002, the trial court confirmed the award. On October 2, 2003,[1] Coleman filed the application to vacate, which was denied by the trial court on August 4, 2005. It is from this order that Coleman timely appeals and raises two assignments of error for our review.[2] We decline to address Coleman's assignments of error, however, as we find that she lacks standing to address the unfavorable arbitration award.
 {¶ 3} This Court has consistently held that an individual who is not a party to arbitration may not file an application to vacate the arbitration decision in the court of common pleas.Leon v. Boardman Twp. (2003), 100 Ohio St.3d 335; Coleman v.Cleveland School District (2001), 142 Ohio App.3d 690; Jones v.Ohio Department of Youth Services, Cuyahoga App. No. 83605, 2004-Ohio-2166; Johnson v. Metro Health Medical Center,
Cuyahoga App. No. 79403, 2001-Ohio-4259; Stafford v. GreaterCleveland Regional Transit Auth. (Dec. 23, 1993), Cuyahoga App. Nos. 63663, 65530; Coleman v. Cleve. City Sch. Dist. Admin.
(Sept. 4, 1992), Cuyahoga App. No. 62570.[3]
 {¶ 4} Here, Coleman was not a party to the collective bargaining agreement nor did the collective bargaining agreement provide for an individual right of action. See Leon v. BoardmanTwp., supra at 337. As a result, Coleman was not a party to the arbitration proceeding and lacked standing to file the application to vacate the arbitration decision. Id.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J., and Mary Eileen Kilbane, J., concur.
 APPENDIX
"I. The lower Common Pleas Court erred and abused its discretion in denying plaintiff's motion to vacate the arbitrator's award of dismissal of the collective bargaining agreement grievance procedure grievances [sic] pursuant to R.C. 271110 and R.C. 2711.13 particularly wherein defendant failed to follow the evaluation procedures adopted to supersede R.C.3319.111 in failing to give plaintiff the notice of deficiency form required for nonrenewal under the collective bargaining agreement and hence, under R.C. 3319.11(B-D).
"II. The lower Common Pleas Court erred and abused its discretion in failing to grant plaintiff's application to modify/reverse the arbitrator's award of dismissal of the collective bargaining agreement grievance procedure grievances [sic] and to award plaintiff a continuing teaching contract with backpay [sic], seniority, pre and post judgement interest, retirement credit and any and all other accommodations required by law pursuant to R.C. 2711 and R.C. 2711.13."
[1] Coleman originally filed this application on October 2, 2001, but voluntarily dismissed it without prejudice on October 2, 2002.
[2] See Appendix.
[3] In fact, this Court has previously dismissed two of Coleman's previous lawsuits ruling that she lacked standing to vacate an arbitration award to which her union was a party. See Id.