DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Brad Rush, appeals the judgment of the Medina County Court of Common Pleas, which granted appellee United Parcel Service's motion for summary judgment. This Court affirms.
 I. {¶ 2} Rush is a driver for United Parcel Service ("UPS") and a member of the Teamsters union. Certain customers on his delivery route complained to UPS that Rush was sexually harassing them. Rush was discharged pending an investigation. A grievance was filed and the matter proceeded to arbitration pursuant to the applicable collective bargaining agreement. The arbitrator reduced *Page 2 
Rush's discharge to a suspension, allowed Rush to return to work on September 6, 2005, and directed that he be removed from that particular bid route.
 {¶ 3} On November 7, 2005, Rush filed a motion to vacate the arbitration award in the Medina County Court of Common Pleas. The trial court granted the motion on November 9, 2005, and then vacated its November 9, 2005 judgment entry pursuant to Civ.R. 60(B) on November 23, 2005.
 {¶ 4} On December 7, 2005, UPS filed a notice of removal to federal court, where it filed a motion to dismiss. On May 4, 2006, the United States District Court for the Northern District of Ohio remanded the matter back to the Medina County Court of Common Pleas. UPS then filed supplemental Ohio authority in support of its original motion to dismiss, which it attached as an exhibit. The parties filed a series of responses and replies. On September 22, 2006, the trial court issued a journal entry, converting UPS' motion to dismiss into a motion for summary judgment and establishing a briefing schedule.
 {¶ 5} UPS filed a motion for summary judgment on June 15, 2007. Rush responded in opposition the same day. On June 27, 2007, the trial court issued a judgment entry in which it granted summary judgment in favor of UPS upon a finding that Rush lacked standing to file a motion to vacate the arbitration award. Rush timely appeals, raising two assignments of error for review.
 II. *Page 3 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS HE HAS STANDING TO BRING THIS ACTION TO CHALLENGE THE DECISION OF THE BOARD OF ARBITRATORS."
 {¶ 6} Rush argues that the trial court erred by granting summary judgment in favor of UPS premised on the finding that Rush lacked standing to challenge the decision of the board of arbitrators. This Court disagrees.
 {¶ 7} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for *Page 4 
summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 10} UPS argued in its motion for summary judgment that Rush has no standing to challenge the arbitrator's decision in the court of common pleas on the basis of the Ohio Supreme Court's holding in Leon v.Boardman, 100 Ohio St.3d 335, 2003-Ohio-6466. The Leon court held:
 "When an employee's discharge or grievance is arbitrated between an employer and a union under the terms of a collective bargaining agreement, the aggrieved employee does not have standing to petition a court to vacate the award pursuant to R.C. 2711.10, unless the collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration." Leon at syllabus.
 {¶ 11} UPS appended relevant portions of the collective bargaining agreement between UPS and Teamsters to its motion for summary judgment. The National Master United Parcel Service Agreement and Central Region and Ohio Supplemental Agreements, for the period August 1, 2002 through July 31, 2008, Article 7: Local and Area Grievance Machinery, provides in relevant part:
 "Provisions relating to local, state and area grievance machinery are set forth in the applicable Supplements, Riders or Addenda to this Agreement. The procedures set forth in the local, state and area *Page 5 
grievance procedure may be invoked only by the authorized Union representative or Employer."
Further, the Teamsters Central Region United Parcel Service Supplemental Agreement to the National Master United Parcel Service Agreement, for the period August 1, 2002 through July 31, 2008, Article 5 — Grievances, Section 1, provides in relevant part: "Grievance procedures may be invoked only by authorized Union or Employer representatives."
 {¶ 12} Because the collective bargaining agreement does not expressly give an employee an independent right to submit disputes to arbitration, UPS met its initial burden under Dresher, supra, to show that Rush lacked standing to challenge the arbitrator's decision.
 {¶ 13} Rush argues in reliance on the Tenth District Court of Appeals decision in Barksdale v. Ohio Dept. of Adm. Servs. (1992),78 Ohio App.3d 325, 329, that he has standing to challenge the arbitrator's decision as the "real party in interest." However, Barksdale was abrogated by the Ohio Supreme Court's holding in Leon. Rush has further failed to point to any provision of the collective bargaining agreement which expressly gives an employee an independent right to submit disputes to arbitration. On the contrary, the collective bargaining agreement confers such a right only on authorized representatives of the union and the employer. Under these circumstances, Rush has failed to meet his reciprocal burden under Tompkins, supra, by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. Accordingly, the trial court *Page 6 
did not err by granting summary judgment in favor of UPS upon a finding that Rush lacked standing to challenge the decision of the arbitrator. Rush's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS IT ACTED IN AN UNREASONABLE, ARBITRARY OR UNCONSCIONABLE MANNER IN RENDERING ITS DECISION BY FAILING TO FIND THE AWARD DEFECTIVE UNDER THE STATUTORY GROUNDS OF [R.C.] 2711.10."
 {¶ 14} Rush argues that the trial court acted in an unreasonable, arbitrary or unconscionable manner in rendering its decision because the arbitrator's award was rendered in contravention of the provisions in R.C. 2711.10. Because this Court's resolution of Rush's first assignment of error is dispositive, we decline to address his second assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 15} Rush's first assignment of error is overruled. This Court declines to address the second assignment of error as moot. The judgment of the Medina County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
 MOORE, J. DICKINSON, J. CONCUR *Page 1