[Cite as *Bair v. Ohio Dept. of Mental Health*, 2013-Ohio-2589.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFREY R. BAIR | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012 AP 08 0053 |
| | : | |
| OHIO DEPARTMENT OF MENTAL | : | |
| HEALTH, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2012-CV-01-0023 |
| | |
| JUDGMENT: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |
| | |
| DATE OF JUDGMENT ENTRY: | June 17, 2013 |
| | |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant: | For Defendant-Appellee Ohio Dept. of Mental Health: |
| S. DAVID WORHATCH | |
| 4920 Darrow Road | MICHAEL DEWINE |
| Stow, OH 44224-1406 | Ohio Attorney General |
| | MATTHEW J. KARAM |
| | JOSEPH N. ROSENTHAL |
| | 30 E. Broad St., 23rd Floor |
| | Columbus, OH 43215 |
| | |
| | For Defendant-Appellee SEIU District 1199: |
| | |
| | CATHERINE J. HARSHMAN |
| | 3360 Tremont Rd., Suite 230 |
| | Columbus, OH 43221 |

*Delaney, J.*

{¶1} Plaintiff-Appellant Jeffrey R. Bair appeals the July 23, 2012 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} Defendant-Appellee Ohio Department of Mental Health ("ODMH") employed Plaintiff-Appellant Jeffrey R. Bair as a psychiatric/MR nurse at a Heartland Behavioral Healthcare facility until ODMH terminated Bair's employment on November 10, 2010. During Bair's employment, Bair was a member of good standing in Defendant-Appellee Service Employees International Union, District 1199, The Health Care and Social Service Union, Change to Win, CLC ("the Union"). ODMH and the Union were governed by a collective bargaining agreement, effective from June 1, 2009 to May 31, 2013 ("CBA").

{¶3} Based on events that occurred after Bair's termination, Bair filed a complaint in the Tuscarawas County Court of Common Pleas that named the Ohio Department of Mental Health, the Service Employees International Union, District 1199, The Health Care and Social Service Union, Change to Win, CLC and Susan Grody Ruben as Defendants. In the January 10, 2012 complaint and relevant to the within appeal, Bair alleged the following:

11. Bair and the Union initiated a grievance on Bair's behalf by filing the same on November 23, 2010, in the manner recognized and followed by management and the Union for the perfection of grievances. A copy of the standards for adjusting grievances submitted on behalf of collective bargaining unit members at HBH [Heartland Behavioral Healthcare] is

found in Article 7 of the Union Contract, a copy of which is reproduced at Exhibit C attached to this complaint.

12. On January 27, 2011, the Union expressly consented to the designation of S. David Worhatch, Esq., Bair's private counsel, as its representative for the Step 1 conference under the grievance procedure outlined in Section 7.06 of Article 7 of the Union Contract. Mr. Worhatch represented the interests of Bair and the Union at such conference.

13. On February 10, 2011, management communicated the results of the Step 1 conference to Bair, the Union, and Bair's private counsel, essentially sustaining the decision of the appointing authority in removing Bair from his position with HBH.

14. On February 24, 2011, the Union expressly consented to the designation of S. David Worhatch, Esq., Bair's private counsel, as its representative for pursuing mediation and/or arbitration of the grievance filed on Bair's behalf. On the same date, both the Union (by way of a notice of intent to arbitrate) and Mr. Worhatch (by way of notice of demand for arbitration) invoked the remedies at Step 2 of the grievance process outlined in Section 7.06 of Article 7 of the Union Contract, electing thereby to bypass mediation and proceed directly to arbitration of the grievance submitted on Bair's behalf.

{¶4} An arbitration hearing was convened on June 15, 2011 before the arbitrator, Susan Grody Ruben. On October 10, 2011, Ruben issued her Arbitrator's Opinion and Award, finding ODMH had just cause to terminate Bair's employment. In

the Arbitrator's Opinion and Award, Ruben named the Union and the State of Ohio as the parties. The Arbitrator's Opinion and Award was attached to Bair's complaint.

{¶5} Count One of Bair's complaint was a declaratory judgment action pursuant to Chapter 2721 of the Ohio Revised Code. He argued that pursuant to violations by the arbitrator as to the CBA time guidelines regarding grievances, the arbitrator did not have jurisdiction over his grievance. Because his claim was not arbitrable, Bair asserted he could bring his wrongful termination claim to the court of common pleas.

{¶6} Count Two of Bair's complaint alleged a breach of contract of the CBA by ODMH based on its wrongful termination of Bair's employment.

{¶7} Count Three of the complaint was a motion to vacate, modify, or correct the arbitration award pursuant to Chapter 2711 of the Ohio Revised Code.

{¶8} On February 10, 2010, in lieu of filing an answer to the complaint, ODMH filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6). The Union simultaneously filed a motion to dismiss.

{¶9} Bair filed a Motion for Summary Judgment on Count One of his complaint.

{¶10} The trial court held an oral hearing on the pending motions to dismiss and motion for summary judgment. On July 23, 2012, the trial court issued its decision on both motions. The trial court granted the motion to dismiss as to all three counts of Bair's complaint. As to Bair's declaratory judgment action, the trial court found that declaratory judgment was the improper vehicle for appealing an arbitration award pursuant to Chapter 2711 of the Ohio Revised Code. On Count Two of the complaint, the trial court found that R.C. 4117.10(A) prevented Bair from bringing a breach of contract action. Finally, the trial court dismissed Count Three of the complaint because

Bair was not a party to the arbitration, Bair could not individually petition the trial court to vacate the arbitration award. Based on its decision as to Count One in the motion to dismiss, the trial court denied Bair's motion for summary judgment as moot.

{¶11} It is from this decision Bair now appeals.

**ASSIGNMENTS OF ERROR**

{¶12} Bair raises two Assignments of Error:

{¶13} "I. BAIR HAS 'STANDING' TO PROSECUTE A CHALLENGE TO THE ARBITRATION AWARD UNDER CHAPTER 2711 OF THE OHIO REVISED CODE.

{¶14} "II. THE COURT BELOW ERRED IN DISMISSING BAIR'S INDEPENDENT CLAIM FOR DECLARATORY RELIEF UNDER CHAPTER 2721 OF THE OHIO REVISED CODE AS 'INAPPROPRIATE' AND DENYING HIS MOTION FOR SUMMARY JUDGMENT ON THAT CLAIM AS 'MOOT.'"

{¶15} On page one of Bair's appellate brief, under the heading of "Statement of the Assignments of Error," Bair lists five additional Assignments of Error that are different from the above-quoted. In the body of the appellate brief, Bair does not direct his arguments under the five Assignments of Error but rather under the two Assignments of Error. Pursuant to App.R. 16, we consider the two above-quoted Assignments of Error in our analysis.

**ANALYSIS**

*I.*

{¶16} In Bair's first Assignment of Error, he argues the trial court erred in dismissing his complaint. We agree in part.

## Standard of Review

{¶17} The standard of review on a Civil Rule 12(B)(6) motion to dismiss is de novo. *Greely v. Miami Valley Maintenance Contrs., Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). We need not defer to the trial court's decision in such cases. *Estate of Heath v. Grange Mut. Cas. Co.,* 5th Dist No. 02CAE05023, 2002-Ohio-5494*,* ¶ 9. In a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). A motion to dismiss can only be granted where the party opposing the motion is unable to prove any set of facts that would entitle the party to the relief requested. *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 418, 650 N.E.2d 863, 865-866 (1995); *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991). A motion for a judgment on the pleadings presents only questions of law. *Greely, supra.,* citing *Peterson v. Teodosia*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973).

## Count Three

{¶18} Count Three of Bair's complaint is a motion to vacate, modify, or correct the arbitration award. The trial court dismissed Count Three of Bair's complaint because it found Bair did not have standing to petition the trial court to vacate the award. Upon our de novo review, we disagree with the trial court's conclusion as to whether Bair can prove no set of facts that would entitle him to relief on his motion to vacate, modify, or correct the arbitration award.

{¶19} ODMH and the Union argue Bair lacks standing to appeal from a binding arbitration because the only parties with standing to appeal are the parties to the

arbitration: ODMH and the Union. They base their argument in part on *Johnson v. Metro Health Med. Ctr.*, 8th Dist. No. 79403, 2001-Ohio-4259. In *Johnson*, the court analyzed whether an employee could individually appeal an arbitration award. Pursuant to the collective bargaining agreement, the employee's union filed a grievance against the employer for the employee's alleged wrongful termination. The arbitrator ruled the employer wrongfully terminated the employee, but did not award the employee back-pay. The employee, not the union, appealed to the court of common pleas.

{¶20} The court held the individual employee lacks standing to appeal from binding arbitration where the employee's union and the employer are the sole parties. *Id.* at *1. The conclusion was supported by recognizing "the distinction between a party in interest and an interested party. Clearly, [the individual employee] remained interested in the arbitration decision; however, when she asked for her union's help, she called upon the collective power of her fellow members, and ceased to stand alone. The necessary and just price paid by [the individual employee] was subordination of her individual rights to those of her fellow union members." *Id.* at *2. The court noted an exception to this rule is found in R.C. 4117.03(A)(5). The statute allows the public employee to "[p]resent grievances and have them adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of the collective bargaining agreement then in effect and as long as the bargaining representatives have the opportunity to be present at the adjustment." The *Johnson* court interpreted the right to proceed without union representation exists only at the outset of the grievance proceeding. "Once the employee chooses union representation, that employee lacks standing on all matters including an appeal." *Id.* at

*2.  *See also Bailey v. Beasley*, 10th Dist. No. 09AP-682, 2010-Ohio-1146; *Waiters v.*

*Lavelle*, 8th Dist. No. 95270, 2011-Ohio-116.

{¶21} Bair contends the underlying facts of his grievance proceedings are different from that presented in *Johnson* and therefore bars this case from dismissal on the pleadings.   Bair argued in his response to the motion to dismiss that from the inception of his grievance proceedings, Bair chose to "go it alone" pursuant to R.C. 4117.03(A)(5), instead of using union representation.  He stated his counsel of record in the arbitration proceeding was his private counsel and the Union did not participate in the proceedings.

{¶22} ODMH and the Union also raise *Leon v. Boardman Twp.*, 100 Ohio St.3d 335, 2003-Ohio-6466, 800 N.E.2d 12, in support of its argument that Bair lacks standing to pursue an appeal of the arbitration decision.  In *Leon*, the public employee was discharged for violating residency requirements.   The employee's discharge was arbitrated on his behalf by his union.  Once the arbitration decision was rendered, the union denied the employee's request for further representation.   The employee instituted proceedings in the court of common pleas to vacate the arbitration award pursuant to R.C. 2711.10.  *Id.* at ¶ 1.

{¶23} The Supreme Court of Ohio affirmed the dismissal of the employee's appeal by holding:

When an employee's discharge or grievance is arbitrated between an

employer and a union under the terms of a collective bargaining

agreement, the aggrieved employee does not have standing to petition a

court to vacate the award pursuant to R.C. 2711.10, unless the collective

bargaining agreement expressly gives the employee an independent right

to submit disputes to arbitration.

*Id.* at syllabus.

{¶24} Bair argues the underlying facts in *Leon* can be distinguished from those

in the present case.  Unlike the employee in *Leon* who elected to pursue the matter on

his own after the arbitration decision had been rendered, Bair argues he has from the

outset of the grievance procedures proceeded without union representation pursuant to

R.C. 4117.03(A)(5).  Because the employee in *Leon* did not pursue the arbitration

proceedings without union representation from the beginning, Bair argues it was

unnecessary for the *Leon* Court to consider the application of R.C. 4117.03(A)(5) to the

issue presented.

{¶25} Under our de novo review of a motion to dismiss, we must accept all

factual allegations of the complaint as true and all reasonable inferences must be drawn

in favor of the nonmoving party.  The allegations in Bair's complaint state:

11. Bair and the Union initiated a grievance on Bair's behalf by filing the

same on November 23, 2010, in the manner recognized and followed by

management and the Union for the perfection of grievances.  * * *

12. On January 27, 2011, the Union expressly consented to the

designation of S. David Worhatch, Esq., Bair's private counsel, as its

representative for the Step 1 conference under the grievance procedure

outlined in Section 7.06 of Article 7 of the Union Contract.  Mr. Worhatch

represented the interests of Bair and the Union at such conference.

13. On February 10, 2011, management communicated the results of the Step 1 conference to Bair, the Union, and Bair's private counsel, essentially sustaining the decision of the appointing authority in removing Bair from his position with HBH.

14. On February 24, 2011, the Union expressly consented to the designation of S. David Worhatch, Esq., Bair's private counsel, as its representative for pursuing mediation and/or arbitration of the grievance filed on Bair's behalf. On the same date, both the Union (by way of a notice of intent to arbitrate) and Mr. Worhatch (by way of notice of demand for arbitration) invoked the remedies at Step 2 of the grievance process outlined in Section 7.06 of Article 7 of the Union Contract, electing thereby to bypass mediation and proceed directly to arbitration of the grievance submitted on Bair's behalf.

{¶26} Considering the allegations of the complaint in a light most favorable to Bair and the impact of R.C. 4117.03(A)(5) on Bair's ability to pursue an appeal of the arbitration award, we find the dismissal of Count Three was premature. The trial court specifically stated in its July 23, 2012 judgment entry that it would not convert the motion for judgment on the pleadings to a motion for summary judgment; however, as to Count Three, we find the facts and law raised lend itself for further consideration beyond the four corners of the pleadings.

<u>Count One and Count Two</u>

{¶27} In Count One of the complaint, Bair brought a declaratory judgment action pursuant to R.C. Chapter 2721, requesting a declaration that Bair may assert his own

claim in the court of common pleas. In Count Two, Bair alleged a cause of action for breach of contract, requesting relief under the CBA. The trial court dismissed both Count One and Count Two. We agree.

{¶28} In *City of Galion v. Am. Fed. of State, Cty. and Mun. Emp.,* 71 Ohio St.3d 620, 646 N.E.2d 813 (1995), the Ohio Supreme Court reviewed the certified question and the underlying question of "whether a party, when challenging an arbitration award, has the option of bringing an action for declaratory judgment as an alternative to the statutory remedy contained in R.C. Chapter 2711." *Id.* at 621. The Court held:

> R.C. Chapter 2711 provides the exclusive statutory remedy which parties
>
> must use in appealing arbitration awards to the courts of common pleas.
>
> An action in declaratory judgment cannot be maintained to circumvent the
>
> clear legislative intent of R.C. Chapter 2711.

*Id.* at paragraph two of the syllabus.

{¶29} Further, the CBA, attached to Bair's complaint, provides, "Arbitrators' decisions under this Agreement shall be final and binding." (Article 7.07, F. Binding Decisions). The Ohio Supreme Court stated in *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 20: "Furthermore, if a collective bargaining agreement between a public employer and an exclusive employee representative 'provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations *are subject solely to that grievance procedure * * *.*' (Emphasis added.) R.C. 4117.10(A). Insofar as the union claims that relators' actions violated the collective bargaining agreement, binding arbitration is its exclusive remedy."

{¶30} The Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. *Hayes v. Oakridge Home,* 122 Ohio St.3d 63, 2009–Ohio–2054, 908 N.E.2d 408, ¶ 15 citing R.C. Chapter 2711 and *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008–Ohio–938, 884 N.E.2d 12, ¶ 27. Because of the strong presumption favoring arbitration, all doubts should be resolved in its favor. *Hayes, supra* citing *Ignazio v. Clear Channel Broadcasting, Inc.* 113 Ohio St.3d 276, 2007–Ohio–1947, 865 N.E.2d 18, ¶ 18.

{¶31} Plaintiff-Appellant Jeffrey R. Bair's first Assignment of Error is sustained in part and overruled in part.

*II.*

{¶32} Bair argues in his second Assignment of Error the trial court erred in denying his motion for summary judgment on Count One of his complaint. We disagree.

{¶33} The standard for granting summary judgment is delineated in *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which

affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.  * * * "

{¶34} Based on our analysis of Bair's first Assignment of Error as to Count One of Bair's complaint, we find no error in the trial court's determination that Bair's summary judgment motion was moot.  Reasonable minds can only conclude that Bair is not entitled to judgment as a matter of law on his claim for declaratory judgment pursuant to the CBA.

{¶35} Plaintiff-Appellant Jeffrey R. Bair's second Assignment of Error is overruled.

## CONCLUSION

{¶36} Based on the foregoing, we sustain in part Plaintiff-Appellant Jeffrey R. Bair's first Assignment of Error. We vacate only the portion of the July 23, 2012 judgment entry of the Tuscarawas County Court of Common Pleas that dismissed Count Three of Plaintiff-Appellant Jeffrey R. Bair's complaint. We remand the matter to the trial court for further proceedings on Count Three of the complaint.

{¶37} The remainder of Plaintiff-Appellant Jeffrey R. Bair's Assignments of Error as to the July 23, 2012 judgment entry are overruled.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN


PAD:kgb