[Cite as *Gaydosh v. Trumbull Cty.*, 2017-Ohio-5859.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| GARY GAYDOSH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0109** |
| TRUMBULL COUNTY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 00161.

Judgment: Affirmed.

*Martin S. Hume,* Martin S. Hume Co., L.P.A., 6 Federal Plaza Central, #905, Youngstown, OH 44503 (For Plaintiff-Appellant).

*John T. McLandrich* and *Frank H. Scialdone,* Mazanec, Raskin, Ryder & Keller Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Solon, OH 44139 (For Defendants-Appellees).

COLLEEN MARY O'TOOLE, J.

{¶1} Gary Gaydosh appeals from the grant of summary judgment to Trumbull County, and its board of commissioners, individually and collectively (the "county"), in his action for breach of contract. Finding no reversible error, we affirm.

{¶2} From 2004 until 2010, Mr. Gaydosh was an employee of the Trumbull County Sanitary Engineer. As such he was subject of a collective bargaining

agreement (the "CBA") between the county, and the American Federation of State, County and Municipal Workers, Ohio Council 8, Local 2493, AFL-CIO (the "Union"). On or about April 28, 2010, Mr. Gaydosh was indicted by the Trumbull County Grand Jury for three drug related felonies, and three misdemeanor charges of workers' compensation fraud. Eventually, he pleaded guilty to these charges, and received intervention in lieu of conviction. It appears from the record he completed his program successfully, the charges being thereafter dismissed, and his record sealed.

{¶3} As a result of his indictment, Mr. Gaydosh was terminated from his employment May 26, 2010. He received a letter dated June 2, 2010 to this effect shortly thereafter. June 8, 2010, Mr. Gaydosh filed a grievance; he filed an amended grievance the next day. On each form, he signed the section stating, "I authorize [the Union] as my representative to act for me in the disposition of this grievance[.]" By a letter dated July 7, 2010, the county denied the grievance.

{¶4} Pursuant to the CBA, the next step was to seek mediation, or arbitration, of the grievance. The Union prepared an arbitration package, which was presented in April 2012. April 13, 2012, the Union's first vice president denied the request to appeal via arbitration. Mr. Gaydosh was informed of this by a letter dated April 16, 2012. By a letter dated April 24, 2012, the Union notified the county it was withdrawing the grievance. After receiving a letter from Mr. Gaydosh's counsel objecting to the Union's decision, the Union reiterated its position it would not pursue the grievance any further in a letter dated June 7, 2012.

**{¶5}** July 12, 2012, Mr. Gaydosh filed an unfair labor practice charge against the county and the Union with the Ohio State Employment Relations Board ("SERB"). SERB dismissed the charge September 13, 2012. Mr. Gaydosh did not appeal.

**{¶6}** January 28, 2015, Mr. Gaydosh filed this action sounding in breach of contract. The county answered. The county moved for judgment on the pleadings, which the trial court denied. May 14, 2015, Mr. Gaydosh moved to stay proceedings and compel arbitration, pursuant to the CBA. The county opposed. Hearing was held before the trial court's magistrate on the motion to stay and compel arbitration. By a decision filed April 6, 2016, the magistrate denied the motion. Mr. Gaydosh filed timely objections. By a judgment entry filed June 10, 2016, the trial court overruled the objections and adopted the magistrate's decision. Mr. Gaydosh did not appeal from this judgment entry.

**{¶7}** July 13, 2016, the county moved for summary judgment. Mr. Gaydosh opposed the motion. By a judgment entry filed October 14, 2016, the trial court granted the county summary judgment. Mr. Gaydosh timely appealed, assigning two errors. The first reads: "The trial court erred in failing to grant plaintiff-appellant's motion to compel arbitration."

**{¶8}** The trial court's decision to deny the motion to stay and compel arbitration was premised on its determination Mr. Gaydosh lacked standing under the CBA to compel arbitration. The CBA contains a three-step process for grievances, set forth at Article 20, Section 4, with arbitration being the third step after other attempts to resolve the grievance have failed. Mr. Gaydosh points to Article 20, Section 10 of the CBA, to show he does have standing. That section provides:

{¶9} "The [county] and the Union agree that employees covered by this Agreement have the right to present grievances and have them adjusted without the intervention of the Union representative(s) as long as the adjustment is not inconsistent with the terms of this Agreement and as long as the Union representative(s) have the opportunity to be present at the meeting."

{¶10} This language tracks that of R.C. 4117.03(A)(5), which provides:

{¶11} "(A) Public employees have the right to:

{¶12} "* * *

{¶13} "(5) Present grievances and have them adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of the collective bargaining agreement then in effect and as long as the bargaining representatives have the opportunity to be present at the adjustment."

{¶14} Based on both the CBA, and R.C. 4117.03(A)(5), Mr. Gaydosh contends he has the right to present a grievance without the Union's cooperation, and thus, has the right to compel arbitration, which is part of the grievance process.

{¶15} The County, on the other hand, contends this assignment of error is not properly before us. The Ohio courts of appeals only have jurisdiction of final appealable orders. R.C. 2501.02. The County points out that pursuant to R.C. 2711.02(C), orders granting or denying stays pending arbitration are final appealable orders. The trial court adopted the magistrate's decision denying a stay to compel arbitration June 10, 2016. Mr. Gaydosh did not appeal until November 14, 2016. The County argues this notice of appeal was not timely regarding the judgment entry adopting the magistrate's decision, since it was not filed within the 30 day limit for prescribed by App.R. 4(A).

4

**{¶16}** We respectfully direct the County's attention to App.R. 4(B)(5), which provides:

**{¶17}** "(5) *Partial final judgment or order*.

**{¶18}** "If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)."

**{¶19}** The trial court granted the County summary judgment on Mr. Gaydosh's breach of contract claim October 14, 2016. Pursuant to App.R. 4(B)(5), Mr. Gaydosh had until November 14, 2016 to notice appeal of the denial of his motion to stay and compel arbitration. *Horen v. Summit Homes*, 6th Dist. Wood No. WD-04-001, 2004-Ohio-2218, ¶23-32. That is the day he did notice appeal.

**{¶20}** The County also points out that Mr. Gaydosh's notice of appeal does not mention the June 10, 2016 judgment entry adopting the magistrate's decision denying the motion to stay and compel arbitration, and that a copy of that judgment entry is not attached to the notice of appeal. The County then cites this court's recent decision in *Burton Carol Management, LLC v. Ziegler*, 11th Dist. Lake No. 2015-L-008, 2015-Ohio-4925, ¶4, holding:

**{¶21}** "App.R. 3(D) states in part that 'the notice of appeal (* * *) shall designate the judgment, order or part thereof appealed from (* * *).' 11th Dist. Loc.R. 3(D)(2) likewise requires an appellant to attach a copy of the judgment entry appealed from or

be subject to possible sua sponte dismissal without notice. The trial court's decision denying appellant's motion for a new trial was not properly appealed in this appeal, and as such, we need not address the arguments arising from that decision here. *Hicks v. Hicks,* 6th Dist. Erie No. E–12–076, 2013–Ohio–3852, ¶ 14–16; *Jones & Scheich v. Maunz,* 6th Dist. Lucas No. L–02–1395, 2003–Ohio–3102, ¶ 10 (holding in part that arguments arising from a decision not appealed are not properly before an appellate court.)."

**{¶22}** Consequently, Mr. Gaydosh's first assignment of error is not properly before us.

**{¶23}** Second, we find Mr. Gaydosh lacks standing on this issue. The Ohio courts of appeals considering this issue have found that, once an employee subject to a collective bargaining agreement authorizes his or her union to pursue a grievance, the cause of action belongs to the union, and the employee lacks standing to prosecute the case. *Johnson v. Metro Health Medical Centr.*, 8th Dist. Cuyahoga No. 79403, 2001 WL 1685585, *2 (Dec. 20, 2001); *accord Bailey v. Beasley*, 10th Dist. Franklin No. 09AP-682, 2010-Ohio-1146, ¶19; *Waiters v. Lavelle*, 8th Dist. Cuyahoga No. 95270, 2011-Ohio-116, ¶10. Mr. Gaydosh authorized the Union to represent him in the grievance process.

**{¶24}** Mr. Gaydosh cites to *Bair v. Ohio Dept. of Mental Health*, 5th Dist. Tuscarawas No. 2012 AP 08 0053, 2013-Ohio-2589, for the proposition he has a right to file a grievance and pursue arbitration without union intervention. *Bair* is distinguishable from this case. In *Bair*, appellant's attorney reached an agreement with the relevant union that he would control the entire grievance process, and consult with

6

the union as necessary. *Id.* at ¶3. The Fifth District concluded that brought the matter under the purview of R.C. 4117.03(A)(5). Mr. Gaydosh did not hire personal counsel until after the Union decided not to pursue arbitration of his grievance.

{¶25} The first assignment of error is lacks merit.

{¶26} Mr. Gaydosh's second assignment of error reads: "The trial court erred in granting defendant-appellees' motion for summary judgment."

{¶27} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶28} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

7

242, 251-252 (1986).  On appeal, we review a trial court's entry of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  (Parallel citations omitted.)  *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶29}  In support of this assignment of error, Mr. Gaydosh cites to R.C. 4117.09(B)(1), which provides, in pertinent part:

{¶30}  "(B) The [collective bargaining agreement] shall contain a provision that:

{¶31}  "(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter.  * * * A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."

{¶32}  Mr. Gaydosh argues he was an intended third party beneficiary of the CBA, and has the right to sue for its breach under this statute.

{¶33}  We respectfully disagree.  R.C. 4117.10(A) provides, in pertinent part:

{¶34}  "(A)n agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement.  *If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure * * *[.]*"  (Emphasis added.)

{¶35}  The CBA in this case provides for "final and binding arbitration of

8

grievances": consequently its procedure is exclusive.

{¶36} Case law supports this conclusion. In *Bryant v. Witkosky*, 11th Dist. No. 2001-P-0047, 2002 WL 480078 (Mar. 29, 2002), appellant Charity Bryant worked for the Portage County Department of Human Services ("PCDHS"), was subject of a collective bargaining agreement, and filed a grievance after being transferred from one section to another. *Id.* at *1. The grievance was settled. *Id.* Ms. Bryant concluded PCDHS was not honoring the settlement agreement, and filed an action in the court of common pleas alleging breach of the settlement agreement. *Id.* PCDHS filed for judgment on the pleadings, which the trial court granted, concluding it was without jurisdiction as the grievance procedure in the collective bargaining agreement controlled. *Id.* Ms. Bryant appealed, and this court affirmed. *Id.* at *4. In relevant part, this court concluded that since the settlement arose from a grievance filed pursuant to a collective bargaining agreement, that agreement provided Ms. Bryant's sole remedies. *Id.* at *2-4.

{¶37} The second assignment of error lacks merit.

{¶38} The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

9