[Cite as *Staple v. Ravenna*, 2022-Ohio-261.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| CHRISTOPHER R. STAPLE, | CASE NO. 2021-P-0070 |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| CITY OF RAVENNA, et al., | Trial Court No. 2021 CV 00107 |
| Defendants-Appellees. | |

**O P I N I O N**

Decided: January 31, 2022
Judgment: Affirmed

*S. David Worhatch,* Law Offices of S. David Worhatch, 4920 Darrow Road, Stow, OH 44224 (For Plaintiff-Appellant).

*Scott H. Dehart,* Zashin & Rich Co., LPA, 17 South High Street, Suite 900, Columbus, OH 43215 (For Defendant-Appellee, City of Ravenna).

*Michael W. Piotrowski,* FOP, Ohio Labor Council, Inc., 2721 Manchester Road, Akron, OH 44319 (For Defendant-Appellee, Fraternal Order of Police, Ohio Labor Council, Inc.).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Christopher R. Staple, appeals the June 11, 2021 judgment of the Portage County Court of Common Pleas dismissing the action on the motion of appellee, the City of Ravenna, and from the June 24, 2021 entry granting the City's motion to strike Mr. Staple's supplemental brief in opposition to the motion to dismiss. For the reasons discussed herein, the judgment is affirmed.

{¶2} Mr. Staple was a full-time police officer of the City employed under a collective bargaining agreement ("CBA") between the City and the Union. During the course of his employment, the City convened two pre-disciplinary hearings with Mr. Staple for violations of the City's rules. Mr. Staple, along with privately retained counsel and a Union representative, attended the first hearing. Mr. Staple elected to proceed, according to R.C. 4117.03(A)(5), without the representation of the Union. Mr. Staple and his private counsel attended the second meeting; the Union did not send a representative. Following the hearings, the Chief of the Ravenna Police Department recommended to the Mayor of the City that Mr. Staple be removed from service, and Mr. Staple was terminated.

{¶3} Mr. Staple then filed a grievance under the CBA challenging his termination, citing various violations of the terms of the CBA. On November 20, 2020, the Mayor met with Mr. Staple and his private counsel to hear his grievance as Step 3 of the grievance process, the final step before arbitration.

{¶4} The CBA states that the Union may initiate any arbitration proceedings within 30 calendar days after the rendering of the decision under Step 3, the meeting with the Mayor. Both parties agree that the Union, not Mr. Staple, may initiate arbitration within 30 days; the parties disagree on when that 30-day period started and the calculation of 30 days under the terms of the CBA.

{¶5} The City did not receive an intent to initiate arbitration from the Union until December 23, 2020. The City, counting 30 calendar days, argues the intent to arbitrate was not timely submitted. The Union and Mr. Staple argue that under the terms of the CBA, "calendar days" excluded Saturdays, Sundays, or holidays. By this calculation, the deadline to submit the matter to arbitration of the grievance would have been January 6,

2

2021. Mr. Staple's counsel thus requested that the matter of arbitrability be decided by an arbitrator. The City responded that an arbitrator would have no power to determine his or her own jurisdiction because "arbitrability" is not specifically listed in the CBA as a subject matter of a dispute over which an arbitrator would have jurisdiction.

{¶6} Mr. Staple then filed a civil action seeking specific enforcement of the arbitration provision of the CBA under R.C. 2711.03 and 2711.04 and declaratory relief to resolve differences between him and the City on two matters: (1) whether the issue of arbitrability falls within the scope of the subject-matter jurisdiction of an arbitrator; and (2) whether the Union made a timely demand for arbitration of Mr. Staple's grievance.

{¶7} Mr. Staple subsequently filed an unfair labor practice ("ULP") charge with Ohio's State Employment Relations Board ("SERB"). In the civil action, the City filed a motion to dismiss, arguing that SERB had exclusive jurisdiction over this subject matter. The court granted the motion and dismissed the action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

{¶8} Mr. Staple now appeals, assigning two errors for our review. The first states:

{¶9} The trial court's jurisdiction over the subject matter of Staple's complaint for relief under Chapter 2711 and 2721 of the Ohio Revised Code is concurrent with the discretionary jurisdiction of the state employment relations board to investigate the conduct of the City and the Union for possible administration review of unfair labor practice charges in violation of Chapter 4117.

{¶10} "An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo." *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶91.

3

{¶11} Though the trial court did not provide its reasons for granting the motion to dismiss, the record shows two primary issues which were argued both in the court below and now on appeal: first, whether the trial court has jurisdiction over this matter when Mr. Staple also filed an ULP charge with SERB based on the same facts; second, whether Mr. Staple, as a non-party to the CBA, had standing to bring his complaint to the trial court seeking to compel the parties to arbitrate. We address each in turn.

{¶12} First, Mr. Staple argues that his complaint sought relief under R.C. 2711.03 while his ULP charge alleged violations of R.C. 4117; therefore, he argues, the trial court had concurrent jurisdiction with SERB.

{¶13} R.C. 2711.03(A) states:

{¶14} The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶15} It is well established, and undisputed by the parties herein, that SERB has exclusive jurisdiction over 4117 claims. "'Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11.'" *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶16, quoting *State ex rel.*

4

*Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, ¶23. "Therefore, 'if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.'" *Sutula, supra,* quoting *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, (1991), at paragraph two of the syllabus. Moreover, "SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.'" *Sutula, supra*, at ¶20, quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 156 Ohio App.3d 368, 2004-Ohio-994, ¶12 (8th Dist.).

{¶16} The City argues that the precise issue that Mr. Staple challenged in his civil appeal also forms the basis for the unfair labor practices charge filed with SERB. However, "[w]hen reviewing a Civ.R. 12(B)(6) motion to dismiss, the court may consider only the statements and facts considered in the pleadings and may not consider or rely on evidence outside of the complaint." *Hamilton v. Ohio Dept. of Health*, 10th Dist. Franklin No. 14AP-1035, 2015-Ohio-4041, ¶15. Therefore, we must decide whether the allegations in Mr. Staple's complaint, taken as true, are based on rights afforded him by R.C. 4117.

{¶17} It is clear from the record that Mr. Staple's claims are entirely dependent on the collective bargaining rights created by Chapter 4117, primarily labor arbitration, as set forth in R.C. 4117.09(B)(1). Despite the fact that Mr. Staple's complaint does not allege violations of Chapter 4117 in his complaint, substantively his claims stem from a labor dispute and resolution process set forth in the CBA, which stem from rights created in Chapter 4117. The mere fact that Mr. Staple couches his allegations as being under R.C.

5

2711 is insufficient to vest jurisdiction in the common pleas court. *See Nadel, supra*, at ¶21. Because Mr. Staple's complaint is based on rights afforded him by Chapter 4117, his complaint falls within the exclusive jurisdiction of SERB.

{¶18} Moreover, we also conclude Mr. Staple does not have standing to bring his claim. Mr. Staple argues that under R.C. 2711, he is an aggrieved party, and that he has rights as a third-party beneficiary. He also argues that R.C. 4117.03(A)(5) grants him a specific right to seek the adjustment of his grievance on his own, without the intervention of the Union. He argues he elected to proceed without the Union at the first pre-disciplinary hearing and has a constitutional right to "access a court of record in this state in protection nor furtherance of his right to seek adjustment of his grievance." However, contrary to Mr. Staple's argument, which he makes without citing law, there is no constitutional right to seek adjustment of his claim.

{¶19} The issue of whether Mr. Staple has standing hinges on whether he is an "aggrieved party" pursuant to R.C. 2711.03(A) (see above). It is undisputed that only the Union and the City, and not Mr. Staple individually, are parties to the CBA. The City maintains that Mr. Staple does not have standing to enforce the CBA, as he is not a party to the CBA and the CBA does not expressly grant him enforcement rights.

{¶20} R.C. 4117.03(A)(5), provides in pertinent part:

{¶21} (A) Public employees have the right to:

{¶22} * * *

{¶23} (5) Present grievances and have them adjusted, without the intervention of the bargaining representative, **as long as the adjustment is not inconsistent with the terms of the collective bargaining agreement then in effect** and as long as the bargaining representatives have the opportunity to be present at the adjustment. (Emphasis added.)

6

{¶24} The Supreme Court of Ohio has determined that "when an employee seeks to vindicate his or her rights under a collective bargaining agreement that provides for binding arbitration, * * * the question becomes whether the collective bargaining agreement gives the aggrieved employee, rather than his or her union, the procedural right to invoke arbitration." *Leon v. Boardman Twp.*, 100 Ohio St.3d 335, 2003-Ohio-6466, ¶10.

{¶25} Moreover, though there is little case law directly addressing Mr. Staple's exact issue, Ohio courts have often addressed a closely related matter: the issue of standing when a union member seeks reversal of an already arbitrated matter. In those cases, Ohio courts generally find that the union member has standing only if the controlling CBA grants the union member the right to individually arbitrate.

{¶26} For example, this court in *Gaydosh v. Trumbull Cty.*, 11th Dist. Trumbull No. 2016-T-0109, 2017-Ohio-5859, held that "once an employee subject to a collective bargaining agreement authorizes his or her union to pursue a grievance, the cause of action belongs to the union, and the employee lacks standing to prosecute the case." *Id.* at ¶23. *See also Johnson v. Metro Health Medical Centr.*, 8th Dist. Cuyahoga No. 79403, 2001 WL 1685585, *2 (Dec. 20, 2001); *Bailey v. Beasley*, 10th Dist. Franklin No. 09AP-682, 2010-Ohio-1146, 2010-Ohio-1146, ¶19; *Morrison v. Summit Cty. Sheriff's Dept.*, 9th Dist. No. 20313, 2001 WL 688895 (June 20, 2001) (an employee lacked standing under R.C. 2711.10 where the collective bargaining agreement provided that the union is the "sole and exclusive representative" and "has the right to decide whether to arbitrate a grievance.")

Case No. 2021-P-0070

{¶27} In deciding *Gaydosh*, this court found *Bair v. Ohio Dept. of Mental Health*, 5th Dist. Tuscarawas No. 2012 AP 08 0053, 2013-Ohio-2589, ¶24, distinguishable. It is also distinguishable in the case at bar. In *Bair,* the union expressly authorized the employee to pursue the grievance and arbitration process through private counsel without union support. Critically, however, it appears in that case that this course of action was expressly authorized by the terms of the CBA.

{¶28} Here, the CBA does not expressly grant Mr. Staple the right to arbitrate his grievance; if Mr. Staple wished to pursue arbitration, he had no choice but to authorize the Union to turn the grievance over to the Union. Despite his contention that the Union was to file the grievance and his private counsel was to take over the arbitration from that point, the CBA does not authorize this circumvention of the agreement, nor does it authorize him to pursue arbitration with private counsel. Pursuant to the CBA, only the Union may pursue arbitration. Despite any agreement to the contrary outside the CBA between the Union and Mr. Staple, he had no right to arbitrate the grievance. Since Mr. Staple is not a party to the CBA and the CBA does not grant him the right to independently arbitrate the matter, he does not have standing to seek an order compelling arbitration between the two parties to the CBA. We find under the circumstances of this case, Mr. Staple is not an aggrieved party under R.C. 2711.03(A), and thus he lacks standing to bring his complaint.

{¶29} In light of the foregoing, Mr. Staple's first assigned error is without merit.

{¶30} His second states:

{¶31} The court below also has jurisdiction over Staple's claim for declaratory relief either as an independent cause of action or as a claim for relief in aid of fashioning a remedy upon exercising jurisdiction over the claim asserted under Chapter 2711.

8

Case No. 2021-P-0070

{¶32} Under his second assigned error, Mr. Staple argues that the trial court could only consider the pleadings in deciding the motion to dismiss. He particularly argues the trial court could not consider his SERB ULP claim, as it was not included in his complaint. As we have discussed above, we need not consider the ULP filing in order to uphold the dismissal.

{¶33} He also argues that even if we find that he lacked standing to bring Count One, seeking specific enforcement of the arbitration agreement, the trial court would have jurisdiction over Count Two, seeking declaratory judgment under Chapter 2721. However, Mr. Staple's argument is based on his assertion that he has a constitutional right through the Open Courts Clause to seek redress when other means are foreclosed and that he has the right to pursue the grievance on his own, without the intervention of the Union.

{¶34} In *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466 (1993), the Supreme Court of Ohio addressed the issue of whether a common pleas court had jurisdiction to hear a declaratory judgment action based on Chapter 4117 claims. It held, "[t]he Declaratory Judgments Act, R.C. Chapter 2721, was not intended to be used to circumvent such comprehensive agency processes. SERB has exclusive jurisdiction to consider issues concerning petitions for representation elections. Common pleas courts are limited to appellate jurisdiction, at the proper time, over these and other matters arising under R.C. Chapter 4117." *Ohio Historical Soc., supra,* at 469.

{¶35} Therefore, as we have established under Mr. Staple's first assigned error that the allegations in his complaint fall within the exclusive jurisdiction of SERB, Mr. Staple's second assignment of error is without merit.

9

{¶36} In light of the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.